[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13041
_____

D.C. Docket Nos. 5:18-cv-00128-MW-EMT; 5:12-cr-00003-MW-EMT-2


CHARLES A. ARMSTRONG,

                                                    Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 5, 2021)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

LAGOA, Circuit Judge:

     Charles Armstrong appeals from an order dismissing his 28 U.S.C. § 2255

habeas petition as second or successive.  This appeal asks us to determine whether a

sentence reduction under 18 U.S.C. § 3582(c) constitutes a new, intervening judgment for purposes of the bar on second or successive § 2255 motions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  We conclude that it does not.

Under AEDPA, before a second or successive § 2255 petition is filed, the petitioner must first obtain an order from the appellate court authorizing the district court to consider the petition.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).  Without such authorization, the district court must dismiss a second or successive § 2255 petition for lack of jurisdiction.  *See Williams v. Chatman*, 510 F.3d 1290, 1294–95 (11th Cir. 2007).  Here, Armstrong failed to obtain the required certification from this Court before filing a second § 2255 petition, and the district court dismissed it as unauthorized.

On appeal, Armstrong argues that his second § 2255 habeas petition is not second or successive because his 2015 sentence reduction constitutes a new and intervening judgment under *Magwood v. Patterson*, 561 U.S. 320 (2010).  We hold that a sentence reduction under § 3582(c) does not constitute a new, intervening judgment for purposes of AEDPA's bar on a second or successive habeas petition and that Armstrong was therefore required to obtain an authorization from the appellate court before filing his second § 2255 habeas petition.  Without such authorization, the district court lacked jurisdiction to entertain the petition, and we

2

therefore affirm the district court's dismissal of Armstrong's second § 2255 habeas petition.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2012, Armstrong pleaded guilty to three counts of an indictment: (1) conspiracy to distribute and to possess with the intent to distribute marijuana, in violation of 21 U.S.C. § 846; (2) possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii) and 18 U.S.C. § 2; and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Under the 2012 Sentencing Guidelines, the recommended sentencing range was 292 to 365 months. The district court sentenced Armstrong to 190 months imprisonment on the two drug counts and 120 months imprisonment on the firearm count, with all terms to run concurrently, followed by five years supervised release. This Court affirmed Armstrong's conviction and sentence on direct appeal. *United States v. Armstrong*, 546 F. App'x 936 (11th Cir. 2013) (per curiam). On June 4, 2014, Armstrong timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (the "2014 habeas petition"), challenging the judgment on the basis of ineffective assistance of both trial and appellate counsel.

Subsequent to Armstrong's sentence, the United States Sentencing Commission issued Amendment 782 to the United States Sentencing Guidelines,

3

which reduced the base offense level for Armstrong's crimes from 135 to 68 months. Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." While Armstrong's 2014 habeas petition was pending, the district court, pursuant to § 3582(c)(2), *sua sponte* reduced Armstrong's sentence based on Amendment 782 to 152 months on the two drug counts, subject to a mandatory minimum of 120 months on those two counts, and to 120 months on Count 5, with all terms to run concurrently. Following the sentence modification, the district court denied Armstrong's 2014 habeas petition, and this Court denied a Certificate of Appealability.

On May 29, 2018, after his 2014 habeas petition was denied, Armstrong filed another § 2255 habeas petition (the "2018 habeas petition"), challenging the 2015 sentence reduction on the basis of ineffective assistance of both trial and appellate counsel and arguing that the sentence reduction was a new, intervening judgment. The district court dismissed without prejudice the 2018 habeas petition as second or successive and denied Armstrong a Certificate of Appealability. Armstrong then filed a Notice of Appeal, which this Court construed as a Motion for a Certificate of Appealability and denied as unnecessary.

4

## II.    STANDARD OF REVIEW

We review *de novo* whether a § 2255 petition is second or successive under AEDPA.  *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011).

## III.    ANALYSIS

A federal court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress, however, created an exception to that general rule of finality in § 3582(c)(2).  Specifically, a court

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o) . . . may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

*Id.*; *accord Dillon v. United States*, 560 U.S. 817, 824–25 (2010) (discussing § 3582(c)(2)).

On appeal, Armstrong argues that his 2018 habeas petition, which the district court dismissed as unauthorized, is not second or successive under AEDPA because the district court's reduction of his sentence pursuant to § 3582(c)(2) constitutes a new, intervening judgment under *Magwood v. Patterson*, 561 U.S. 320 (2010).  Before filing a second or successive § 2255 petition, AEDPA requires a petitioner to first obtain an order from this Court authorizing the district court to consider the

---

[1] Amendment 782 to the Sentencing Guidelines is listed as an amendment covered by the applicable policy statement issued by the Sentencing Commission.  U.S.S.G. § 1B1.10(d).

petition. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Holt*, 417 F.3d at 1175. Without such authorization, the district court must dismiss a second or successive § 2255 petition for lack of jurisdiction. *See Williams*, 510 F.3d at 1295.

In *Magwood*, the Supreme Court addressed whether AEDPA's bar on a second or successive petition applied to a defendant who had filed a § 2254 petition attacking the original judgment and then filed a second § 2254 petition attacking a second, intervening judgment. 561 U.S. at 330–31. In that case, a state trial court sentenced Magwood to death, and Magwood filed a § 2254 petition challenging his conviction and sentence. 561 U.S. at 323, 326. After a district court conditionally granted Magwood habeas relief and ordered him to be either released or resentenced, the state trial court conducted a new sentencing proceeding and again sentenced Magwood to death. *Id.* at 326. Magwood then filed another § 2254 petition challenging the new sentence. *Id.* at 328. In resolving the issue, the Supreme Court held that if "there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive.'" *Id.* at 341–42 (citation omitted) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)); *see also Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) (applying *Magwood* to a § 2254 petition and concluding that a state consent order eliminating an unlawful component of a petitioner's sentence was not a new judgment). Although *Magwood* addressed petitions under 28 U.S.C.

6

§ 2254,[2] the Supreme Court has indicated that *Magwood* also applies to cases involving § 2255 motions. *See Garza v. United States*, 562 U.S. 1210 (2011) (remanding a case involving a § 2255 motion for "further consideration in light of *Magwood*").

Armstrong contends that he is in the same position as the petitioner in *Magwood*, i.e., that he has been resentenced and now seeks to challenge that new sentence on grounds that existed before the new sentence was imposed. Armstrong, however, is not in the same position as Magwood, who demonstrated in his original collateral attack that his original sentence violated the Constitution. *See Magwood*, 561 U.S. at 326. Here, after Amendment 782 to the Sentencing Guidelines reduced the base offense level for Armstrong's crimes from 135 to 68 months, the district court *sua sponte* modified Armstrong's sentence pursuant to § 3582(c)(2), which "provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon*, 560 U.S. at 825 (alteration in original) (quoting § 3582(c)(2)). As the Supreme Court has recognized, "[b]y its terms, § 3582(c) does not authorize a sentencing or resentencing proceeding," but rather "authoriz[es] only a limited adjustment to an otherwise final sentence and not a plenary resentencing

---

[2] Both §§ 2254 and 2255 prohibit a prisoner from filing a "second or successive" habeas petition.

proceeding." *Dillon*, 560 U.S. at 825–26. Additionally, this Court has previously held that a sentencing adjustment pursuant to § 3582(c)(2) "does not constitute a de novo resentencing. 'All original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.'" *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (alteration adopted) (emphasis omitted) (citation omitted) (quoting *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000)).

Moreover, there are key distinctions between a resentencing and a § 3582(c)(2) sentence modification. In *Magwood*, the sentencing court "conducted a full resentencing and reviewed the aggravating evidence afresh." 561 U.S. at 339. A resentencing thereby introduces the opportunity for the sentencing court to commit new errors or to repeat the same errors as in the original sentence. In contrast, § 3582(c)(2) "does not authorize a sentencing or resentencing proceeding," but instead, "provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon*, 560 U.S. at 825 (alteration in original) (quoting § 3582(c)(2)). Specifically, § 3582(c)(2) only applies when the guideline range "has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," and, in those cases, it is only the range that is adjusted. *Id.* at 824, 827 ("[Section] 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended

guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing. . . . '[T]he court shall substitute only the amendments listed . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.'" (first alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1)).  As such, when a sentence is modified under § 3582(c)(2), the district court makes no new findings.  Rather, the existing sentence is merely reduced to account for the subsequent lowering of the sentencing range by the Sentencing Commission.  *Dillon*, 560 U.S. at 825–26.

Our conclusion here is consistent with precedent from this Court holding that a § 3582(c) sentence modification does not constitute a new judgment for purposes of resetting AEDPA's one-year statute of limitations to file a § 2255 petition.  *See Murphy v. United States*, 634 F.3d 1303, 1314 (11th Cir. 2011).  *Murphy* involved a sentence modification under § 3582(c)(1)(B), which allows a court to reduce a sentence pursuant to Federal Rule of Criminal Procedure 35(b) when a defendant, after sentencing, provides substantial assistance in the government's investigation or prosecution of another person.  *See Murphy*, 634 F.3d at 1307–09; *see also* § 3582(c)(1)(B); Fed. R. Civ. P. 35(b).  This Court considered "[w]hether granting a defendant a sentence reduction pursuant to Rule 35 constitutes a resentencing that re-starts the AEDPA time clock, allowing a defendant to collaterally attack his

9

original conviction and sentence." *Murphy*, 634 F.3d at 1306. We reasoned that "although a district court may 'modify' a 'sentence to imprisonment' . . . , a 'judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes*,'" including AEDPA's statute of limitations. *Id.* at 1308–09 (emphasis in original) (quoting § 3582(b)–(c)). We therefore concluded that because a Rule 35(b) sentence reduction "does not affect the finality of [the] judgment" and "does not constitute a resentencing where an old sentence is invalidated and replaced with a new one," it does not reset AEDPA's statute of limitations. *Id.* at 1314. Although *Murphy* addressed a different provision of § 3582(c), the express language of § 3582(b) applies to any sentence modification made "pursuant to the provisions of subsection (c)," and our conclusion in *Murphy* that a § 3582(c) modification is not a "new judgment" in the context of AEDPA's statute of limitations is equally applicable in the context of AEDPA's rule against second or successive petitions.

Our conclusion is also consistent with our sister circuit courts that have addressed this issue. *See White v. United States*, 745 F.3d 834, 837 (7th Cir. 2014) ("*Magwood* does not reset the clock or the count, for purposes of § 2244 and § 2255, when a prisoner's sentence is reduced as the result of a retroactive change to the Sentencing Guidelines."); *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (holding that § 3582(c) allows for "a 'reduction' resulting in the 'modification' of an existing sentence, not a full resentencing" and "does not wipe clean the slate of

10

habeas applications that [have been] previously filed" (alterations adopted)); *Sherrod v. United States*, 858 F.3d 1240, 1242 (9th Cir. 2017) ("Because the court makes only a limited adjustment to the sentence, . . . a § 3582(c)(2) sentence reduction does not qualify as a new, intervening judgment."); *United States v. Quary*, 881 F.3d 820, 822 (10th Cir. 2018) (distinguishing sentence reductions under § 3582(c) and the imposition of a new sentence, and holding that "the former do not qualify as new, intervening judgments").

## IV.    CONCLUSION

A sentence reduction pursuant to § 3582(c) does not constitute a *de novo* resentencing, but instead effects only a limited adjustment to an otherwise final sentence. "[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range" amended by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). *See Moreno*, 421 F.3d at 1220 (emphasis omitted) (quoting *Bravo*, 203 F.3d at 781). Because Armstrong's sentence reduction pursuant to § 3582(c) was not a plenary resentencing proceeding, it does not constitute a new, intervening judgment, and *Magwood* does not reset the count for purposes of AEDPA's bar on second or successive § 2255 motions. Armstrong was therefore required to obtain permission from this Court authorizing the district court to proceed on his second or successive § 2255 motion. Because Armstrong failed to obtain the required certification, the district court correctly determined that it lacked

jurisdiction to consider the petition. Accordingly, we affirm the district court's dismissal of Armstrong's § 2255 habeas petition.

**AFFIRMED.**