[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13007
Non-Argument Calendar

_____

D.C. Docket Nos. 8:19-cv-02353-VMC-AEP,
8:11-cr-00307-VMC-AEP-1

YENER VAHIT BELLI,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 28, 2021)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and GRANT, Circuit
Judges.

PER CURIAM:

Yener Belli, a federal prisoner, appeals the dismissal of his second motion to vacate. 28 U.S.C. § 2255. The district court dismissed Belli's motion for failure to obtain leave to file a second or successive motion. *See id.* §§ 2244(b)(3)(A), 2255(h). We affirm.

## I. BACKGROUND

In 2012, Belli entered an agreement to plead guilty to using and brandishing a Tec-9 semiautomatic firearm during and in relation to two armed robberies. 18 U.S.C. § 924(c)(1)(A). Belli initialed the pages of the plea agreement stating that, if he "cooperate[d] fully with the United States" "subsequent to sentencing, the government agree[d] to consider whether such cooperation qualifie[d] as 'substantial assistance' . . . [that] warrant[ed] the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b)." The plea agreement stated that Belli "understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and [Belli] agrees that [he] cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." And the agreement stated that it "constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and

no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea."

During the change of plea hearing, Belli entered pleas of guilty to the two firearm offenses with the "understanding" that he faced "a minimum term of imprisonment of seven plus 25, or 32 years" and he had "an opportunity to proceed on a 5K[1.]1 at a later date." A magistrate judge explained to Belli that "the government . . . will consider your cooperation, and perhaps it will make a recommendation of substantial assistance because of your cooperation." The magistrate judge also warned Belli that "all the government promises you is it's going to consider your cooperation," it "doesn't promise you that it will make a recommendation of substantial assistance," and Belli needed to "understand that's not guaranteed." Belli acknowledged that he faced a "significant term[] of incarceration" and that he "underst[ood] whatever sentence [he got], [he's] going to have to serve it." Belli also acknowledged that he read and understood his plea agreement, discussed its terms with counsel, and that no one "promise[d] [him] anything other than what is set out in the plea agreement to get [him] to plead" or "assured him of a particular sentence apart from the fact [he was] looking at certain mandatory time." After Belli "admitted committing the robberies and . . . using the Tec-9 in the commission of them" as described in the factual basis of his plea agreement, the magistrate judge accepted Belli's pleas of guilty.

3

Belli did not object to his presentence investigation report, which recommended consecutive sentences of seven and 25 years of imprisonment. On January 11, 2013, the district court sentenced Belli to 32 years of imprisonment.

In 2016, Belli moved, without success, to vacate his firearm convictions. 28 U.S.C. § 2255. He argued that his predicate offenses of Hobbs Act robbery no longer qualified as crimes of violence after *Johnson v. United States*, 576 U.S. 591 (2015), in which the Supreme Court held that the definition of "violent felony" in the residual clause of the Armed Career Criminal Act was void for vagueness. The district court denied Belli's motion as untimely and, in the alternative, as without merit. Belli appealed, but later he voluntarily dismissed his appeal. *Belli v. United States*, No. 16-15173 (11th Cir. Jan. 6, 2017).

In 2019, Belli filed his second motion to vacate. 28 U.S.C. § 2255. He argued that his trial counsel induced him to plead guilty with the false promise he would receive a reduction of his sentence for his substantial assistance. Belli contended that counsel broke his promise when he died in September 2018 without obtaining a sentence reduction. Belli submitted affidavits in which he, his mother, and his brother stated that counsel had assured them in the summer of 2018 that he was "still working" on the sentence reduction.

On motion of the government, the district court dismissed Belli's motion as an unauthorized second or successive motion. *See id.* §§ 2244(b)(3)(A), 2255(h).

The district court identified "the lack of a timely Rule 35 motion" instead of the death of Belli's counsel "as the factual predicate for [the] current Section 2255 motion." The district court determined that "the facts supporting [Belli's] claim [of ineffective assistance] were available when he filed his initial Section 2255 motion" because his plea agreement stated a motion to reduce would be filed "within one year" of sentencing, *see* Fed. R. Crim. P. 35(b)(1), and "by January 2014, [he] was on notice" that the motion had not been filed and counsel had broken his promise. The district court also stated that Belli's "reliance on [the] statement [of his attorney to obtain a sentence reduction in 2018] was unreasonable because such promise would have directly contradicted the rule and the plea agreement." "Without authorization from the Eleventh Circuit to consider Belli's second or successive Section 2255 motion, [the district court ruled that it] lack[ed] jurisdiction to consider [Belli's] motion . . . ." Later, the district court denied Belli's motion to reconsider. *See* Fed. R. Civ. P. 60(b).

## II. STANDARD OF REVIEW

We review *de novo* the dismissal of a motion to vacate for lack of jurisdiction. *Randolph v. United States*, 904 F.3d 962, 964 (11th Cir. 2018).

## III. DISCUSSION

A federal prisoner may file only one motion to vacate, set aside, or correct his conviction unless he obtains leave from this Court to file a "second or

successive" motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). If the prisoner fails to request leave, the district court lacks jurisdiction to consider the merits of a second or successive motion. *Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021).

Belli argues that his motion is not "second or successive." But Belli's numerically second motion to vacate is "second or successive" unless it contains an issue that could not have been raised in his initial motion because it had yet to "ripen." *See Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011). In other words, Belli's second motion to vacate is "second or successive" unless he establishes that "the factual predicate for [his] claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B).

Belli was dilatory. The facts supporting his claim of ineffective assistance of trial counsel existed *before* he filed his initial motion to vacate in 2016. Belli's plea agreement stated that the government would "consider whether [his] cooperation qualifie[d] as 'substantial assistance' . . . warranting the filing of a motion for a reduction of sentence within one year of the imposition of [his] sentence" as provided in Federal Rule of Criminal Procedure 35(b)(1). Belli acknowledged during his plea colloquy that he had read and understood his plea agreement, and we presume that those statements are true. *See United States v. Medlock*, 12 F.3d

6

185, 187 (11th Cir. 1994); *see, e.g.*, *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("[T]he representations of the defendant . . . at [a plea] hearing . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). So Belli knew by the terms of his plea agreement that counsel had one year from sentencing on January 11, 2013, to lobby the government to file a motion to reduce based on Belli's substantial assistance. When the one-year deadline expired in January 2014, Belli knew his counsel had failed to fulfill his promise to obtain a sentence reduction. So the district court correctly classified Belli's motion as "second or successive" because the factual predicate for his claim of ineffective assistance existed approximately two years before he filed his initial motion to vacate.

Belli argues that his attorney's promise was "broader" than the one-year period specified in the plea agreement and premised on Federal Rule of Criminal Procedure 35(b)(2). But, in the words of the district court, Belli failed to establish that the "legal mechanism in Rule 35(b)(2) through which the United States may file a motion for sentence reduction more than one year after sentencing . . . applies to him."

Belli's argument is irreconcilable with the plain language of his plea agreement and the statements he made during his change of plea hearing. The plea agreement stated that the government would move for a sentence reduction "within

7

one year of the imposition of sentence." The agreement also stated that it "constitute[d] the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea." And Belli acknowledged during his change of plea hearing that no one "promise[d] [him] anything other than what is set out in the plea agreement to get [him] to plead" or "assured him of a particular sentence apart from the fact [he was] looking at certain mandatory time." By the terms of the plea agreement, which Belli acknowledged applied to him, he could not obtain a sentence reduction more than one year after sentencing. Belli's situation is distinguishable from that of the state prisoner in *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987), who argued that he pleaded guilty based on his trial attorney's assurance that he would be pardoned in three years and where neither the plea agreement nor plea colloquy addressed the issue.

The district court lacked jurisdiction to consider Belli's second motion. Belli failed to obtain leave of this Court to file a second motion to vacate. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Because Belli failed to obtain permission to file his second motion to vacate, the district court correctly dismissed his filing as an unauthorized second or successive motion. *See Armstrong*, 986 F.3d at 1348.

8

## IV. CONCLUSION

We **AFFIRM** the dismissal of Belli's second motion to vacate.