[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11435

Non-Argument Calendar

_____

JAMES MOZIE,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60823-WPD

_____

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

James Mozie, a federal prisoner, appeals the district court's dismissal without prejudice and, alternatively, denial of his petition for writ of error *coram nobis* under 28 U.S.C. § 1651(a). He asserts the district court erred when it rejected his argument that the court in the underlying action lacked subject-matter jurisdiction over his conviction for production of child pornography. The court determined his argument was not cognizable under the All Writs Act and his petition was, in essence, an unauthorized 28 U.S.C. § 2255 motion to vacate his sentence. The Government responds by moving for summary affirmance of the district court's order and a stay of the briefing schedule, contending that *coram nobis* relief was not available to Mozie because he was still in custody and his petition was an unauthorized successive § 2255 motion. Mozie has filed a motion in opposition of the Government's motion for summary affirmance. After review,[1] we grant the Government's motion for summary affirmance.

---

[1] We review a district court's denial of a writ of error *coram nobis* for abuse of discretion. *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020). We review *de novo* whether a 28 U.S.C. § 2255 motion is second or successive. *Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021).

21-11435                Opinion of the Court                3

The writ of error *coram nobis* is an extraordinary remedy of last resort that is available only in compelling circumstances where necessary to achieve justice. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). Federal courts have the authority to issue such a writ under the All Writs Act. *Id.* A writ of error *coram nobis* is unavailable to a petitioner who is still in custody; whereas 28 U.S.C. § 2255 relief is available to a petitioner who is in custody. *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999); 28 U.S.C. § 2255(a).

It is clear as a matter of law the district court correctly construed Mozie's *coram nobis* petition as a § 2255 motion and dismissed it without prejudice as an unauthorized second or successive § 2255 motion. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). The district court was required to liberally construe Mozie's application for post-conviction relief and to construe it as brought under the proper statutory framework for seeking relief. *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (stating *pro se* applications for post-conviction relief are to be

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

liberally construed and pleadings erroneously styled as *coram nobis* petitions should be treated as § 2255 motions, and vice versa).

Mozie's challenge that the district court lacked jurisdiction as to Count 10 of the third superseding indictment was potentially cognizable under § 2255 and *coram nobis*. *See Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (explaining a claim the district court lacked jurisdiction to adjudicate the petitioner guilty is cognizable in a *coram nobis* petition); 28 U.S.C. § 2255(a) (providing a claim the district court "was without jurisdiction to impose [a] sentence" may be properly raised in a motion brought under § 2255). But as Mozie is still in custody, the district court properly construed his petition as a § 2255 motion because the remedies under § 2255 were available to him and *coram nobis* relief was unavailable. *See Brown*, 117 F.3d at 475. Because Mozie previously filed a § 2255 motion that was denied with prejudice and failed to obtain this Court's authorization to file a second or successive § 2255 motion, it is clear as a matter of law that the district court correctly dismissed his construed second or successive § 2255 motion without prejudice for lack of jurisdiction. *Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021) (stating a federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to obtain an order from this Court authorizing the district court to consider such a motion and if a movant fails to obtain our authorization, the district court must dismiss a second or successive § 2255 motion for lack of jurisdiction).

Moreover, contrary to Mozie's assertion in his filing opposing summary affirmance, even if his conviction on Count 10 were found to be invalid, he would remain in custody serving multiple concurrent life sentences. *In re Williams*, 826 F.3d 1351, 1356 (11th Cir. 2016) (stating under the concurrent-sentence doctrine, where a defendant has concurrent sentences on multiple counts of conviction and one count is found to be invalid, we "need not consider the validity of the other counts unless the defendant would suffer adverse collateral consequences from the unreviewed conviction" (quotation marks omitted)).  Finally, although a jurisdictional challenge is cognizable in a *coram nobis* petition, the challenge that Mozie sought to bring here was not jurisdictional, as an indictment's failure to state an offense does not divest the district court of jurisdiction.  *Alikhani*, 200 F.3d at 734 (recognizing that courts have rejected the assertion that a failure to allege an interstate-commerce nexus deprives the district court of jurisdiction).

Thus, in light of the above, the Government's position is "clearly right as a matter of law" and there is no substantial question that the district court properly dismissed Mozie's petition for a writ of error *coram nobis* without prejudice for lack of subject-matter jurisdiction and, alternatively, on the merits.  *See Groendyke Transp.*, 406 F.2d at 1162.  Accordingly, we GRANT the Government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.  We also DENY Mozie's motion in opposition of summary affirmance.