[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13191

Non-Argument Calendar

_____

BERT S. ELIZEE,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-80994-KAM

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Bert Elizee, a federal prisoner proceeding *pro se*, appeals from the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence for lack of jurisdiction on the ground that it was an impermissible second or successive motion. He also appeals the denial of his subsequent motion for reconsideration. Elizee maintains that his motion is proper and that he is entitled to relief on the merits of his claim raised in the motion. After review, we affirm.

## I.    Background

Elizee pleaded guilty in 2017 to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He did not file a direct appeal. Elizee filed his initial § 2255 motion in June 2018. On June 18, 2020, the district court denied the motion on the merits and denied a certificate of appealability ("COA"). Elizee sought a COA from this Court, which we denied.

Meanwhile, Elizee filed a second § 2255 motion in the district court on June 23, 2020, arguing that the indictment in his case failed to state a claim for possession of a firearm by a convicted felon in light of the Supreme Court's decision in *Rehaif*

*v. United States*, 139 S. Ct. 2191 (2019). The district court *sua sponte* dismissed the § 2255 motion for lack of jurisdiction, concluding that it was an impermissible second or successive motion.[1]

Elizee then filed a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), arguing that the § 2255 motion was not second or successive within the meaning of § 2255 because he filed the motion within one year of the Supreme Court's *Rehaif* decision, which announced a new rule of law that was retroactively applicable to cases on collateral review. The district court denied the motion for reconsideration, explaining that *Rehaif* did not extend the time to file a § 2255 motion because *Rehaif* did not apply retroactively, and, even if it did, Elizee still needed our permission under § 2255(h) before he could file a second or successive § 2255 motion. This appeal followed.

## II.    Discussion

"We review de novo the district court's dismissal of a 28 U.S.C. § 2255 motion as second or successive." *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, before a movant may file a second or successive § 2255 motion, he first must obtain an order from the court of appeals

---

[1] Alternatively, the district court denied the motion on the merits on the ground that *Rehaif* was not applicable to cases on collateral review.

authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive motion to vacate sentence. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *see also Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021) (explaining that without the requisite authorization, "the district court must dismiss a second or successive § 2255 [motion] for lack of jurisdiction").

The district court properly dismissed Elizee's § 2255 motion for lack of jurisdiction. After his initial § 2255 motion was denied, Elizee filed a second-in-time § 2255 motion on June 23, 2020, but he did not have the required authorization from this Court to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A). Therefore, the district court lacked jurisdiction to consider the June 23, 2020, § 2255 motion. *See id.*; *Farris*, 333 F.3d at 1216. Accordingly, the district court was required to dismiss the motion. *Armstrong*, 986 F.3d at 1347.

Similarly, the district court did not abuse its discretion in denying Elizee's motion for reconsideration. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (explaining that we review the decision to grant or deny a Rule 59(e) motion for an abuse of discretion). Contrary to Elizee's arguments, *Rehaif* did not announce a new rule of constitutional law. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). Accordingly, there was no basis for reconsideration of the district court's prior ruling.

20-13191                Opinion of the Court                5

AFFIRMED.