[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13219

Non-Argument Calendar

_____

SPURGEON GREEN, JR.,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent- Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:07-cr-00002-CAR-CHW-1

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Spurgeon Green, Jr., a federal prisoner proceeding *pro se*, appeals the district court's dismissal without prejudice of his "motion to vacate the applicability of 21 U.S.C. § 841(b)(1)(C)," which it construed as an unauthorized second or successive motion to vacate under 28 U.S.C. § 2255. He asserts that the district court should have, instead, construed his motion under Rule 35 of the Federal Rules of Criminal Procedure. Under Rule 35, he argues, the court had the authority to correct his total sentence at any time because it was illegal, as his misconduct was not the but-for cause of the death of the victim in the count at issue, and the 20-year statutory minimum under § 841(b)(1)(C) was thus improper.

The government responds by moving this Court to summarily affirm the district court's order dismissing Green's motion without prejudice. It argues that, because he sought to collaterally challenge his sentence, the district court properly construed his motion as one under § 2255, and it properly dismissed it on that basis because his previous § 2255 motion was denied with prejudice in 2016.

Summary disposition is appropriate when, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the

appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review questions of jurisdiction *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). We also review *de novo* whether a motion to vacate under § 2255 is second or successive. *Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, a court may not "serve as de facto counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69.

A prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), only one § 2255 motion may be adjudicated unless we authorize the district court to consider a second or successive motion. *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). Without authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *Armstrong*, 986 F.3d at 1347.

A § 2255 motion is "the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the saving clause," which encompasses claims for which a § 2255 motion is an "adequate and effective means for testing such an argument." *McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*) (quotation marks omitted); *see also* 28 U.S.C. §§ 2241, 2255(e).  However, "[a] motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim," *i.e.*, when that claim is not cognizable under § 2255 at all.  *McCarthan*, 851 F.3d at 1099.  We have explained that two categories of cases fit within the saving clause to permit federal prisoners to seek relief under § 2241.  *Amodeo v. Coleman*, 984 F.3d 992, 999 (11th Cir. 2021), *cert. denied*, (U.S. Jan. 10, 2022) (No. 21-6554).  The first category consists of prisoners who challenge the execution of their sentences, as opposed to their legality, such as the deprivation of good-time credits or parole determinations.  *Id.*  The second category consists of cases where the sentencing court is unavailable or dissolved, or where practical considerations, like multiple sentencing courts, prevent a prisoner from filing a § 2255 motion.  *Id.* at 999–1000.

We have held that a district court did not err in construing a motion as a successive § 2255 motion where the movant was moving to vacate his sentences and had previously filed a § 2255 motion.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  There, we also held that the district court did not err in denying the

movant's motion under Rule 60(b) of the Federal Rules of Civil Procedure as an unauthorized successive § 2255 motion because it lacked jurisdiction. *Id.*

Rule 35 allows a district court to correct a defendant's sentence (i) within 14 days of sentencing, if the sentence resulted from clear error, (ii) upon government motion within one year of sentencing, if the defendant provided substantial assistance in investigating or prosecuting another person, or (iii) upon government motion more than one year after sentencing, if the defendant provided substantial assistance and certain other conditions are met. *See* Fed. R. Crim P. 35. Under a prior version of Rule 35 no longer in effect, district courts had the authority to "correct an illegal sentence at any time." *Hill v. United States*, 368 U.S. 424, 430 n.7 (1962); *see also* Fed. R. Crim. P. 35 advisory committee's note to 1984 amendment.

Here, summary affirmance is appropriate. Although a prior version of Rule 35 allowed district courts to correct an illegal sentence at any time, *see Hill*, 368 U.S. at 430 n.7, under the current version of the Rule, the district court could only have done so either within 14 days or on motion of the government, and Green failed to show that either condition was satisfied. *See* Fed. R. Crim. P 35. Further, although he disclaimed any intent to proceed under § 2255, the district court correctly construed his motion as one under § 2255 because he was collaterally challenging the legality of an

aspect of his sentence.[1] *See McCarthan*, 851 F.3d at 1081. On that basis, the court properly denied his "motion to vacate" as an unauthorized second or successive § 2255 motion, given the dismissal with prejudice of his prior § 2255 motion in 2016.

Accordingly, the government's position is clearly correct as a matter of law, and no substantial question remains as to the outcome of the case. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Therefore, we GRANT the government's motion for summary affirmance.

---

[1] To the extent the district court could have construed Green's motion as one under 28 U.S.C. § 2241, any such argument, even if preserved here, lacks merit because he challenged the legality of his sentence, not its execution. *See Amodeo*, 984 F.3d at 999.