[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-15033

Non-Argument Calendar

_____

CRAIG CESAL,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:19-cv-00134-RWS

_____

Before JORDAN, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

While serving a federal sentence, criminal defendant Craig Cesal (hereinafter, "Defendant") filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The district court dismissed as successive this § 2255 motion, and subsequently denied Defendant's Rule 59(e) motion for reconsideration of that decision. Defendant appealed. We discern no error in either of the district court's orders, and thus **AFFIRM**.

## BACKGROUND

Defendant pled guilty and was convicted in 2003 of conspiring to possess with the intent to distribute at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). According to the description of his offense conduct in the PSR, Defendant was the leader of an organization that transported tractor-trailer loads of marijuana from Texas to various locations around the country. Defendant was charged with the offense that led to his conviction after federal agents intercepted one such transport involving more than 1,000 kilograms of marijuana and obtained evidence indicating that Defendant had participated in other transports involving approximately 2,700 additional kilograms of marijuana.

The PSR assigned Defendant a base offense level of 34 due to the quantity of drugs involved, with enhancements for

possessing a firearm, being a leader or organizer, using a special skill, and obstruction of justice that resulted in a total offense level of 44. Applying the Guidelines provisions in effect at the time, the PSR recommended that Defendant be sentenced to life in prison. With two minor exceptions, the district court accepted the PSR's recommendations and sentenced Defendant to life imprisonment, to be followed by five years of supervised release.

Defendant appealed, challenging the validity of his guilty plea and asserting various sentencing errors. *See United States v. Cesal*, 391 F.3d 1172 (11th Cir. 2004). This Court affirmed, but the Supreme Court subsequently granted *certiorari*, vacated the judgment against Defendant, and remanded for the Court to reconsider the case under *United States v. Booker*, 543 U.S. 220 (2005).[1] *See Cesal v. United States*, 545 U.S. 1101 (2005). On remand, this Court reinstated its prior opinion affirming Defendant's conviction and sentence, noting that Defendant had failed to raise a *Booker* claim in his direct appeal. *See United States v. Cesal*, 2005 WL 1635303, at *1 (11th Cir. July 13, 2005). The Supreme Court denied Defendant's second petition for *certiorari*.

In 2006, Defendant filed a timely 28 U.S.C. § 2255 motion to vacate his sentence. The district court denied the motion on the merits and declined to issue a certificate of appealability ("COA").

---

[1] *Booker* made the Sentencing Guidelines advisory rather than mandatory. *See Booker*, 543 U.S. at 227.

This Court likewise declined to issue a COA, thus concluding the proceedings in Defendant's § 2255 motion.

In August 2016, an attorney with the Federal Defender Program in the Northern District of Georgia filed a joint motion with the Government seeking a reduction of Defendant's sentence under 18 U.S.C. § 3582(c)(2).  The motion was based on Amendment 782 to the Sentencing Guidelines, which reduced the offense levels for certain drug offenses by two levels and which was retroactively applicable.  *See* U.S.S.G. App. C, amend. 782.  The Federal Defender and the Government agreed that Amendment 782 applied to Defendant's offense and that its application yielded a recommended Guidelines range of 360 months to life.  The joint motion recommended that Defendant's sentence be reduced to the low end of the new Guidelines range:  360 months.  The district court granted the motion and issued an order on August 22, 2016 reducing Defendant's sentence from life to 360 months in prison pursuant to § 3582(c)(2).

A few weeks after the district court issued its August 2016 order, Defendant sent a letter to the court stating that the lawyers who filed the joint motion were not authorized to represent him and that he did not consent to the § 3582(c)(2) motion or to the reduction in his sentence.  In response to the letter, the district court entered an order memorializing its conversation with the attorneys about the § 3582(c)(2) motion, during which an attorney from the Federal Defender's office advised the court that she had mistakenly believed she had Defendant's authorization to file the

motion but that after talking to Defendant she realized she did not have his consent.  The court stated in its order that it would not take any further action in the case without Defendant's approval, and that it would await any motion Defendant wished to file to set aside the reduced sentence.

Defendant appealed the August 2016 order reducing his sentence, arguing on appeal that the Government had filed the § 3582(c)(2) motion to undermine Defendant's pending petition for executive clemency.  According to Defendant, the Government had thereby committed prosecutorial misconduct.  *See United States v. Cesal*, 729 F. App'x 857, 860 (11th Cir. 2018).  This Court rejected Defendant's prosecutorial misconduct argument.  *See id.*  Nevertheless, given the Federal Defender's acknowledgement that she did not have permission to seek a sentence reduction on Defendant's behalf and pursuant to the agreement of the parties, the Court vacated the district court's August 2016 order reducing Defendant's sentence and remanded the case for further proceedings consistent with its decision.  *See id.*

On remand, the district court entered an order adopting this Court's mandate as its judgment.  In September 2018, in response to Defendant's motion for clarification, the district court issued an order stating that its August 2016 order reducing Defendant's sentence pursuant to Amendment 782 had been vacated and that Defendant remained incarcerated under the judgment and life sentence he received in 2003, which remained "in full force and effect."

Defendant subsequently filed the § 2255 motion that is the subject of this appeal. In the motion, Defendant identifies the date of his judgment of conviction as September 26, 2003, and he enumerates eight grounds for vacating the sentence he received as part of the conviction. Six of the enumerated grounds relate to Defendant's initial criminal proceeding and the guilty plea that led to his conviction and sentence under the 2003 judgment. For example, Defendant asserts the following grounds for relief in his § 2255 motion: (1) he was forced to appear without counsel at two initial appearances, (2) his trial counsel had a conflict of interest and was ineffective, (3) the Government destroyed and withheld exculpatory evidence, and (4) his guilty plea hearing violated due process. Two of Defendant's asserted grounds relate to the August 2016 joint motion to reduce Defendant's sentence pursuant to § 3582(c)(2). In the latter category, for example, Defendant reasserts the prosecutorial misconduct claim related to the § 3582(c)(2) motion that this Court rejected on appeal of the district court's August 2016 order. Specifically, Defendant suggests in his § 2255 motion, as he argued in his appeal of the August 2016 order, that the Government filed the § 3582(c)(2) motion to frustrate his petition for clemency that was pending at the time. Defendant also alleges that the judge improperly communicated with defense counsel and the Government about his appeal of the 2016 order, rendering the appeal ineffective.

The § 2255 motion was referred to a magistrate judge, who issued a Report and Recommendation ("R&R") recommending

that the motion be dismissed as an unauthorized successive § 2255 motion. As noted, in 2006, Defendant filed a § 2255 motion challenging his 2003 judgment of conviction and life sentence. In the R&R, the magistrate judge found that Defendant remained incarcerated under the 2003 judgment, which was the subject of his prior § 2255 motion. As such, the magistrate judge concluded that Defendant could not file the present motion—a second, successive § 2255 motion—without obtaining permission from this Court, which he admittedly did not do.

Defendant objected to the R&R, arguing that the district court's September 2018 order clarifying that Defendant remained incarcerated under his original 2003 life sentence constituted a new judgment against him. Accordingly, Defendant asserted, his present § 2255 motion was not successive, and he did not need to seek permission from this Court to file the motion. The district court rejected Defendant's argument, adopted the magistrate judge's R&R, and dismissed Defendant's § 2255 motion as an unauthorized successive motion. The court reasoned that its August 2016 order having been vacated, Defendant's original 2003 judgment was the judgment authorizing Defendant's confinement. Thus, the court concluded, the present § 2255 motion was successive and had to be dismissed given that Defendant had not obtained this Court's permission to file it. The court subsequently denied Defendant's Rule 59(e) motion for reconsideration and declined to issue a COA.

Thereafter, Defendant filed a notice of appeal as to the district court's dismissal of his § 2255 motion.[2] In January 2021, while the present appeal was pending, Defendant received presidential clemency commuting the custodial portion of his sentence.[3] The custodial portion of his sentence having been remitted, Defendant began serving his five-year term of supervised release, which term commenced in the Northern District of Illinois in February 2021. Albeit Defendant is no longer incarcerated, the Government does not contest Defendant's right to continue to pursue an appeal of the denial of his § 2255, given that Defendant is still serving a part of his criminal sentence: his term of supervised release. *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (holding that the defendant's habeas petition was not moot, although he had been released from federal custody, because he was "still serving his term of supervised release, which is part of his sentence and involves some restrictions upon his liberty"). *Accord United States v. Stevens*, 997 F.3d 1307, 1310 n.1 (11th Cir. 2021).

In support of his appeal, Defendant argues that his § 2255 motion was not a second or successive motion. According to Defendant, the district court's September 2018 order vacating his

_____

[2] This Court interpreted Defendant's notice of appeal as a motion to appeal without a COA, and it issued an order clarifying that Defendant did not need a COA to appeal the dismissal of a successive § 2255 motion because the dismissal was based on a jurisdictional ground.

[3] Prior petitions by Defendant for presidential clemency had been denied in 2013 and 2016.

reduced sentence and reinstating his 2003 life sentence constitutes a new final judgment that can be challenged in a new § 2255 motion. In addition, Defendant explains that the present § 2255 motion includes claims that were not available when he filed his first § 2255 motion in 2006, including his prosecutorial misconduct claim arising from the Government's participation in the joint § 3582(c)(2) motion to reduce his sentence. Defendant argues that he could not have presented these claims previously because they arose after the conclusion of his prior § 2255 proceedings.

As discussed below, it is clear that Defendant is serving his term of supervised release pursuant to the sentence imposed on him in the original 2003 judgment. That the district court subsequently vacated its August 2016 order reducing the original sentence—and clarified that the 2003 judgment was thereby reinstated—does not convert this clarification and reinstatement into a new judgment providing Defendant an opportunity to file a new § 2255 motion challenging the proceedings surrounding the order. Further, Defendant does not assert any viable claims for federal habeas relief in the present § 2255 motion that were unavailable to him when he filed his first such motion. Accordingly, the district court did not err when it dismissed Defendant's § 2255 motion as a second or successive motion or when it denied his Rule 59 (e) motion for reconsideration of that decision.

## DISCUSSION

### I.    Standard of Review

Pursuant to 28 U.S.C. § 2255, a federal prisoner can file a motion collaterally challenging his sentence on the ground that it is unconstitutional or otherwise unlawful.  *See* 28 U.S.C. § 2255(a).  However, the statute bars a prisoner from filing a "second or successive" motion unless the prisoner has obtained authorization from the appropriate appellate court based on a showing of "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).  Without such authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion, and the motion must be dismissed.  *Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021).  We review *de novo* a district court's dismissal of a § 2255 motion as second or successive.  *Id.* at 1348.

### II.    Analysis

As discussed, Defendant filed a § 2255 motion in 2006 challenging the validity of the life sentence imposed on him in the original 2003 judgment.  In the absence of a "new judgment intervening between" the § 2255 motion Defendant filed in 2006 and the present § 2255 motion, the latter is a second or successive motion.  *See Magwood v. Patterson*, 561 U.S. 320, 339 (2010) (quotation marks omitted) (holding that such a new, intervening judgment authorizes a new § 2255 motion, which motion is not considered

second or successive).  Defendant did not obtain permission from this Court to file a second or successive § 2255 motion.  Accordingly, and assuming there was no new, intervening judgment, the district court correctly dismissed the present § 2255 motion.

Citing *Magwood v. Patterson*, Defendant argues that the district court's September 2018 order—the order vacating the August 2016 order reducing Defendant's sentence under § 3582(c)(2) and reinstating the life sentence imposed on Defendant in the original 2003 judgment—constitutes a new, intervening judgment, which can be challenged collaterally in a new § 2255 motion.  The rule announced in *Magwood* clearly does not apply here.  The defendant in *Magwood* successfully challenged and had his state death sentence vacated via a § 2254 petition.  *See id.* at 323.  The state court subsequently conducted a new sentencing proceeding, after which the court entered a new judgment sentencing the defendant—for a second time—to death.  *See id.*  The defendant filed a § 2254 motion challenging the validity of the second death sentence imposed on him in the new judgment and alleging, among other claims, that he had received ineffective assistance of counsel during the second sentencing proceeding.  *See id.* at 328.

The Supreme Court in *Magwood* held that the defendant's § 2254 motion challenging his second death sentence was not a second or successive motion because it was the defendant's first attack on the second sentencing proceeding and likewise his first attack on the new judgment against him that followed that proceeding. *See id.* at 342.  Unlike Magwood, Defendant is not challenging

errors allegedly made during a second sentencing proceeding or in a new judgment. The only sentencing proceeding the district court conducted in Defendant's case preceded the original 2003 judgment, which likewise is the only judgment entered against Defendant in this case. Neither the district court's 2016 order reducing his sentence pursuant to Amendment 782 nor the court's 2018 vacatur of the reduction per Defendant's own request on appeal, required a second sentencing proceeding or resulted in a new judgment. *See Armstrong*, 986 F.3d at 1351.

Indeed, this Court recently—and expressly—held that a sentence reduction under § 3582(c) "does not constitute a new, intervening judgment" for purposes of the ban on second or successive § 2255 motions. *See id.* As the Court explained in *Armstrong*, "[a] sentence reduction pursuant to § 3582(c) does not constitute a *de novo* resentencing, but instead effects only a limited adjustment to an otherwise final sentence." *Id.* Accordingly, such a reduction "does not reset the count for purposes of [the] bar on second or successive § 2255 motions." *Id. Armstrong* definitively forecloses any argument that Defendant is entitled to file a new § 2255 motion as a result of the district court's 2016 order reducing his sentence pursuant to § 3582(c). *See id.* Defendant does not posit, and we do not discern, a sound rationale for applying a different rule to the district court's 2018 vacatur of its 2016 sentence reduction order, particularly given the fact that the sentence reduction was vacated at Defendant's own request.

Finally, we are unpersuaded by Defendant's argument that he should be permitted to file the present § 2255 motion because the claims asserted therein did not arise until after his first § 2255 motion was decided—that is, they did not arise until after the events of 2016, 2017, and 2018 about which Defendant complains in the motion. We note that many of the claims asserted in the present § 2255 motion relate to Defendant's original 2003 judgment. For example, Defendant claims in the motion that the guilty plea underlying his 2003 conviction was invalid. Contrary to Defendant's argument, that claim and others like it were available to Defendant when he filed his initial § 2255.

To the extent Defendant does assert new claims in his motion, those claims do not provide a basis for relief under § 2255. Section 2255 establishes a mechanism by which a federal prisoner "claiming the right to be released upon the ground" that the judgment imposing sentence on him was unlawful can move to have the sentence vacated. *See* 28 U.S.C. § 2255(a). The relevant judgment for purposes of obtaining federal habeas relief is the "judgment authorizing the prisoner's confinement." *Patterson v. Sec'y Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (quotation marks omitted). The only judgment authorizing Defendant's confinement—or, as pertinent here, the supervised release portion of Defendant's sentence—is the original 2003 judgment. *See id.* As the district court stated in its September 2018 order, after the vacatur of the court's 2016 order reducing Defendant's sentence under § 3582(c), Defendant's "original Judgment and Commitment . . .

[remained] in full force and effect." *See also United States v. M.C.C. of Florida, Inc.*, 967 F.2d 1559, 1561 (11th Cir. 1992) ("a general vacation by an appellate court of the lower court's judgment vacates the entire judgment below, divesting the lower court's earlier judgment of its binding effect"). The later-arising claims asserted by Defendant in the present § 2255 motion—and the conduct by defense counsel and the prosecutor in 2016, 2017, and 2018 that Defendant alleges in support of those claims—do not provide grounds for federal habeas relief, as they have no bearing on the 2003 judgment and sentence under which Defendant is currently being held.

In short, neither the district court's August 2016 order reducing Defendant's sentence under § 3582(c) nor the court's September 2018 vacatur order created a new judgment, subject to challenge in a new § 2255 motion. The sentence Defendant continues to serve—via his term of supervised release—arises under the authority of the original 2003 judgment against him. He filed a § 2255 motion challenging the validity of that judgment in 2006, which motion was denied on its merits in 2008. The present § 2255 is successive to the 2006 motion and, given Defendant's failure to obtain permission from this Court for filing, was properly dismissed by the district court as an unauthorized second or successive § 2255 motion.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Defendant's present § 2255 motion as successive

19-15033                Opinion of the Court                15

and we likewise **AFFIRM** the court's order denying Defendant's Rule 59(e) motion for reconsideration of that decision.