**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-14242

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DAMON WOODARD,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:18-cr-60065-WPD-1

————————————

Before WILLIAM PRYOR, Chief Judge, and LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Damon Woodard, a federal prisoner, appeals *pro se* the denial of his motion for postconviction relief. The district court

construed the motion as an unauthorized successive motion to vacate, set aside, or correct his sentence and dismissed it for lack of subject-matter jurisdiction. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The government moves for summary affirmance. Because "the position of [the United States] is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the government's motion and affirm.

We review *de novo* the dismissal of a motion to vacate, set aside, or correct a sentence for lack of jurisdiction. *United States v. Taylor*, 152 F.4th 1297, 1304 (11th Cir. 2025). "Section 2255 allows a federal prisoner to seek post-conviction relief from a sentence imposed in violation of the Constitution or laws of the United States or if it is otherwise subject to collateral attack." *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011); *see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). A prisoner must obtain permission from our Court to file a second or successive motion to vacate. 28 U.S.C. § 2255(h). Without that permission, the district court lacks jurisdiction to consider a second or successive motion. *Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021).

Summary affirmance is appropriate because there is no substantial question that the district court lacked jurisdiction to consider Woodard's motion. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Despite labeling his filing as an "Informative Motion Requesting . . . Certain Relief," Woodard challenged his 2018 conviction

for brandishing a firearm in furtherance of a crime of violence. He argued that the district court violated his due process rights and lacked jurisdiction to convict him because the offense to which he pleaded guilty was not included in his indictment. Yet Woodard had to challenge the validity of his conviction in a motion to vacate. *See McCarthan*, 851 F.3d at 1081. And because Woodard had previously filed a motion to vacate that the district court denied on the merits, he had to obtain our permission to file a successive motion. 28 U.S.C. § 2255(h). He failed to obtain that permission, so the district court lacked subject-matter jurisdiction to consider his successive motion. *Armstrong*, 986 F.3d at 1347.

We **GRANT** the motion for summary affirmance and **AFFIRM** the dismissal of Woodard's motion.