[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13366

_____

D.C. Docket No. 8:96-cr-00332-JDW-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOLAN NATHANIEL EDWARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 13, 2021)

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

NEWSOM, Circuit Judge:

The First Step Act provides, as relevant to our purposes, that the district court that originally sentenced a criminal defendant for a crack-cocaine-related offense may, if certain conditions obtain, "impose a reduced sentence." First Step

Act, Pub. L. No. 115-391, 132 Stat. 5194, § 404(b) (codified at 21 U.S.C. § 841 note). Section 3582(c)(1)(B) of Title 18, pursuant to which many First Step Act motions are filed, is similar, but not quite identical. It authorizes (again, as relevant here) a district court to "modify an imposed term of imprisonment to the extent otherwise permitted by statute . . . ." 18 U.S.C. § 3582(c)(1)(B).

The defendant here, who was initially sentenced for crack-related crimes to a term of "life imprisonment without release," moved to modify his sentence under the First Step Act and § 3582(c)(1)(B). The district court granted the defendant's motion to reduce his prison term, but also concluded that the First Step Act required it to impose an eight-year term of supervised release. On appeal, the defendant argues that the First Step Act only empowers a court to *subtract* from a sentence, not *add* to one, as he contends the district court did here when it appended a term of supervised release to his otherwise reduced sentence.

This case presents two issues. First, a threshold procedural question: Must a First Step Act motion be brought pursuant to § 3582(c)(1)(B)—or, instead, is the First Step Act self-contained and self-executing, such that a defendant can proceed under it directly? And second, the merits: Under the First Step Act, can a district court, in the course of "reduc[ing]" a defendant's overall sentence, impose a new term of supervised release?

2

For the reasons that follow, we hold (1) that the First Step Act is self-contained and self-executing, and that a motion brought under that Act needn't be paired with a request for relief under § 3582(c)(1)(B), and (2) that a district court has the authority under the First Step Act to impose a new term of supervised release on a First Step Act movant, provided that it "reduce[s]" the movant's overall sentence.

## I

In the late 1990s, Nolan Edwards was convicted in federal court of two crack-cocaine-related offenses.  Because Edwards had prior felony drug convictions, he was sentenced to a mandatory term of "life imprisonment without release" under the statutory provisions then in effect.  *See* 21 U.S.C. § 841(b)(1)(A) (1996) ("If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release.").

Years later, in 2010, Congress passed the Fair Sentencing Act, which was aimed at correcting the sentencing disparities between crack and powder cocaine offenses and which increased the quantities of crack cocaine necessary to trigger certain penalties.  *See* Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372. Then, in 2018, Congress enacted the First Step Act—at issue here—which made

3

the Fair Sentencing Act's reduced statutory penalties retroactively applicable to what it called "covered offense[s]." *See* First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, § 404. Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id*. § 404(b).

Citing both the First Step Act and 18 U.S.C. § 3582(c)(1)(B), Edwards moved to modify his life-imprisonment-without-release sentence. All agree that Edwards was convicted of a "covered offense" within the meaning of § 404(b) of the First Step Act. Accordingly, the Act authorized the district court that had initially imposed Edwards's sentence to reduce it in accordance with the revised-penalty provisions of the Fair Sentencing Act. The district court granted Edwards's motion and (fairly dramatically) reduced his prison term from "life imprisonment without release" to "262 months . . . or time served." The court also concluded, though, that the Fair Sentencing Act—applied retroactively as the First Step Act demands—required the imposition of an eight-year term of supervised release. *See* 21 U.S.C. § 841(b)(1)(B).

On appeal, Edwards argues that the First Step Act only empowers a court to "reduce[]" a sentence—not, he says, to *add* to one, as he contends the district court

4

did here by appending a supervised-release term to his otherwise reduced sentence.[1]

## II

### A

Before jumping into the merits, we must address a threshold procedural question of first impression. As just explained, when Edwards moved for a sentence modification, he invoked both § 404(b) of the First Step Act—which, again, permits a court in certain circumstances to "impose a reduced sentence"— and 18 U.S.C. § 3582(c)(1)(B)—which, again, authorizes a court to "modify an imposed term of imprisonment."

The wrinkle: The term "sentence," used in the First Step Act, isn't synonymous with the phrase "term of imprisonment," used in § 3582(c)(1)(B). A "term of imprisonment," after all, is only one *component* of a "sentence"—as is a term of supervised release or a fine. *See, e.g.*, *Mont v. United States*, 139 S. Ct. 1826, 1834 (2019) ("Supervised release is a form of punishment that Congress prescribes along with a term of imprisonment as part of the same sentence."). To the extent that there's any doubt about that, the structure of Title 18 removes it—

---

[1] We review questions regarding the jurisdiction of district courts and questions of statutory interpretation de novo. *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998); *United States v. Rojas*, 718 F.3d 1317, 1319 (11th Cir. 2013).

Chapter 227, titled "Sentences," comprises separate subchapters on "Imprisonment," "Probation," and "Fines."

That mismatch tees up the following question: Is the First Step Act self-executing, such that a defendant can proceed under it directly, or *must* a defendant seeking First Step Act relief do so (as many do) in conjunction with, and through, § 3582(c)(1)(B)? The reason that question matters here: If a defendant has to pursue First Step Act relief through § 3582(c)(1)(B), then a district court's authority is limited to "modify[ing] an imposed *term of imprisonment*"—which does not include supervised release, which the district court adjusted here. If, however, the First Step Act is self-executing, such that we needn't even involve § 3582(c)(1)(B), then it seems to us that the power to impose a "reduced sentence" is broad enough to include the authority to add a term of supervised release—it being but one component of a "sentence"—so long as the *overall* "sentence" is in fact "reduced."

For the following reasons, we're not convinced (as others have assumed) that § 3582(c)(1)(B) must serve as the procedural vehicle for a First Step Act motion—or, for that matter, that the First Step Act needs a separate vehicle. To the contrary, we hold that the First Step Act is a self-contained, self-executing, independent grant of authority empowering district courts to modify criminal sentences in the circumstances to which the Act applies.

We start from the unremarkable premise that while district courts lack the inherent authority to modify criminal sentences, they "may do so . . . when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). To be sure, Congress granted that "authoriz[ation]" in 1984, when it enacted the statute now codified at 18 U.S.C. § 3582(c). But just as surely, "statutes enacted by one Congress cannot bind a later Congress," and there was nothing in § 3582(c)—or in the law more generally—to prevent Congress from doing so again. *See Dorsey v. United States*, 567 U.S. 260, 274 (2012).

Enter the First Step Act, which Congress passed in 2018. Section 404(b) of the Act reads as a self-contained and self-executing grant of authority:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if . . . the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, § 404(b). By its plain terms, § 404(b) independently vests district courts with the authority to reduce sentences under the circumstances described in the statute. Not only does § 404(b)'s language not suggest that it needs to piggyback on § 3582(c)(1)(B), it suggests the opposite. For reasons already explained, § 404(b)'s broad authorization to reduce "sentence[s]" is, to put the matter plainly, too big to fit into § 3582(c)(1)(B)'s narrower authorization regarding modifications of "term[s] of imprisonment."

7

We conclude, therefore, that § 404(b)'s text is clear:  It independently grants a district court the authority, in the relevant circumstances, to "impose a reduced sentence."  It is self-contained and self-executing.  It requires no assist from § 3582(c)(1)(B).  It is its own procedural vehicle.

The Seventh Circuit's recent decision in *United States v. Sutton*, 962 F.3d 979 (7th Cir. 2020), is instructive, if not quite on all fours.  There, a convicted defendant proceeding *pro se* had originally brought a First Step Act motion pursuant to § 3582(c)(1)(B)'s statutory neighbor, 18 U.S.C. § 3582(c)(2)—which permits a district court to reduce the sentence of an individual whose "sentencing range . . . has subsequently been lowered by the Sentencing Commission."  On appeal from the district court's denial, the defendant's newly-appointed appellate counsel agreed with the government that his client had initially invoked the wrong vehicle, since it was Congress—not the Sentencing Commission—that passed the Fair Sentencing Act and the First Step Act.  *See id*. at 894.  That seemingly left two options:  Either a First Step Act motion should proceed in tandem with—and under the auspices of—§ 3582(c)(1)(B), or it could proceed independently, on its own.

For its part, the government argued—as it does here—that § 3582(c)(1)(B) "must . . . provide the procedural vehicle under which § 404(b) of the First Step Act operates to permit" a sentence modification.  *Id*.  The *Sutton* court disagreed; it sided with the defendant's lawyer and held that "the First Step is its own

8

procedural vehicle." *Id.* In so holding, the Seventh Circuit focused less on the textual and structural considerations that we have emphasized—namely, that the First Step Act's language embodies a self-contained and self-executing grant of sentence-reduction authority, and that there are important linguistic and conceptual differences between "sentence[s]" and "term[s] of imprisonment"—than on § 3582(c)(1)(B)'s own inherent limitations:

> Section 3582(c)(1)(B) does not itself provide a basis for a defendant to move for a sentence reduction. It provides only that "the court may modify an imposed term of imprisonment to the extent otherwise permitted by statute" or [Federal Rule of Criminal Procedure] 35. It offers no relief and imposes no conditions, limits, or restrictions on the relief permitted by that other statute or the Rule. Critically . . . subsection (c)(1)(B) does not even refer to who can move for modification or how. All that information is contained in the other statute, here § 404(b) of the First Step Act.

*Id.* (citations omitted). Although our analysis—or emphasis, at least—differs from the Seventh Circuit's at the margins, we agree with that court's bottom-line conclusion: "[T]he First Step Act is its own procedural vehicle" for bringing a sentence-reduction motion. *Id.*[2]

---

[2] The Seventh Circuit went on in *Sutton* to say that § 3582(c)(1)(B) is not "irrelevant" and that it did "not disagree" that the First Step Act should be read "in conjunction with" § 3582(c)(1)(B). *See* 962 F.3d at 984–85. Maybe. Perhaps all the court meant was (1) that "[t]he value of § 3582(c)(1)(B)" is that "[i]t makes explicit what would otherwise be implicit: the general prohibition against modification of a term of imprisonment gives way to specific exceptions without either repealing the other," and (2) that "to read the First Step Act in conjunction with § 3582(c)(1)(B) is just to read the First Step Act and assess what it permits." *Id*. at 985. If so, then we agree. Beyond that we wouldn't go, except to reiterate our view that the First Step Act is a self-contained, self-executing, independent grant of authority empowering district courts to impose "reduced sentence[s]" in the circumstances to which it applies.

The government contends that our decision in *United States v. Denson*, 963 F.3d 1080 (11th Cir. 2020), establishes that a First Step Act sentence-modification motion necessarily involves § 3582(c)(1)(B). We disagree. The lone "issue on appeal" in that case was "whether [a] district court is required to first hold a hearing at which [the defendant] is present" before deciding a sentence-reduction motion. *Id*. at 1082; *see also id*. at 1086 ("The only issue is whether [the defendant] had a legal right to be present at a hearing before the district court ruled on his motion."). With respect to that issue, we held that "the First Step Act does not require district courts to hold a hearing with the defendant present before ruling on a defendant's motion for a reduced sentence under the Act." *Id*. at 1082. It's true that, along the way, we assumed (like others before us) that a First Step Act motion would be brought in conjunction with § 3582(c)(1)(B). *See id*. at 1086. But we weren't confronted with the question we face today—whether the First Step Act is an independent grant of sentence-reduction authority—and so, of course, we had no occasion to resolve it. *See Cooper Indus., Inc. v. Aviall Servs., Inc*., 543 U.S. 157, 170 (2004) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as

having been decided as to constitute precedents." (quoting *Webster v. Fall*, 266

U.S. 507, 511 (1925)).[3]

\* \* \*

In short, we hold that the First Step Act is a self-contained and self-

executing provision that independently authorizes district courts to impose

"reduced sentence[s]" in the circumstances specified in the statute.  That

conclusion follows from the Act's plain language, as well as the textual and

conceptual differences between "sentence[s]," the term used in § 404(b), and

"term[s] of imprisonment," the phrase used in § 3582(c)(1)(B)).[4]

**B**

We turn, then, to Edwards's merits argument.  Again, Edwards contends that

the First Step Act only empowers a court to "reduce" a sentence, not to *add* to one,

as he insists the district court did here when, in the course of reducing his sentence

---

[3] We recognize, as well, that the Fourth Circuit has said that "§ 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019).  It said so, though, only in the course of choosing between § 3582(c)(1)(B)—which, again, permits a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute"—and § 3582(c)(2)—which permits modification when "a sentencing range . . . has subsequently been lowered by the Sentencing Commission" and which, as all agreed in *Sutton*, has no relevance to a First Step Act request. *Id.*; *accord United States v. Holloway*, 956 F.3d 660, 665 (2d Cir. 2020).  If those two were our only options, we might well agree.  But we see no reason—and the Fourth Circuit's decision doesn't explain—why the First Step Act can't serve as its own procedural vehicle, separate and apart from § 3582(c)(1)(B).

[4] Because we aren't faced with a scenario in which the district court imposed any non-standard conditions of supervised release, we have no occasion to determine what process or hearing, if any, would be due in that circumstance.

from "life imprisonment without release" to "262 months . . . or time served," it imposed a new term of mandatory supervised release. Because a supervised-release term hadn't been imposed as part of his original life-without-release sentence, Edwards asserts that the district court exceeded its statutory authority under the First Step Act when it included that term in his modified sentence.

We disagree. Edwards erroneously fixates on the supervised-release "component" of his modified sentence. *See* Br. of Appellant at 6, 7, 12, 19. Section 404(b)'s focus is the "sentence" itself—the unitary thing—and it empowers the district court to "reduce[]" that "sentence." So long as a defendant's overall "sentence" is "reduced," therefore, it seems to us that the authority that § 404(b) confers is broad enough to empower a court to impose a new term of supervised release, it being one aspect of the "sentence." Here, Edwards's overall sentence was undoubtedly reduced. Edwards started out with a sentence of "life imprisonment without release," and ended up with a sentence of "262 months . . . or time served" plus eight years of mandatory supervised release. Under any reasonable understanding of the term, that modification constituted a sentence "reduc[tion]."[5]

---

[5] We needn't address here hypos that occupy the other end of the spectrum. *See, e.g.*, Reply Br. of Appellant at 2 ("Suppose that a district court were to reduce a sentence by one day, but then impose a term of supervised release not previously imposed totaling five years.").

12

## III

For the foregoing reasons, we hold (1) that the First Step Act is a self-contained and self-executing provision that independently grants district courts authority to impose "reduced sentence[s]," such that a defendant can proceed under the Act directly, without resort to § 3582(c)(1)(B), and (2) that when the district court here modified Edwards's sentence from "life imprisonment without release" to "260 months . . . or time served" plus eight years of supervised release, it validly "reduced" his sentence within the meaning of the Act.[6]

**AFFIRMED**.

---

[6] In his brief, Edwards separately contended that even if the district court had the authority to impose a new term of supervised release, he had a constitutional right to be present at a hearing during which the supervised-release term was imposed. As already noted, though, since Edwards filed his briefs in this case, we held in *Denson* that "the First Step Act does not require district courts to hold a hearing with the defendant present before ruling on a defendant's motion for a reduced sentence under the Act." 963 F.3d at 1082.