[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14668

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY B. BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:05-cr-00017-AW-GRJ-5

_____

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Corey Brown appeals the district court's denial of his request for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which permits courts to reduce the sentences of certain defendants for offenses involving cocaine base. Although Brown was convicted of multiple offenses involving crack cocaine, the district court determined that only one of his offenses was eligible for a sentence reduction and that no reduction was warranted. On appeal, Brown contends that the court erred in evaluating his eligibility and abused its discretion by declining to reduce his sentence. After careful review, we affirm.

## I.

In 2007, a federal jury found Brown guilty of several drug and gun crimes: (a) one count of conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute five kilograms or more of cocaine and fifty grams or more of cocaine base ("crack" cocaine) (Count One); (b) two counts of distribution of cocaine base (Counts Four and Five); (c) one count of possession with intent to distribute five or more grams of cocaine base (Count Six); (d) one count of possession of a firearm after a felony conviction (Count Eight); and (e) one count of possession of a firearm in furtherance of a drug trafficking crime (Count Nine).

Based on the quantities involved in his drug offenses, and in order of their severity, Count One triggered the penalties in 21 U.S.C. § 841(b)(1)(A)(ii) and (iii), Count Six triggered the penalties in § 841(b)(1)(B)(iii), and Counts Four and Five triggered the penalties in § 841(b)(1)(C)(iii).  Also, Brown was subject to enhanced recidivist penalties under these provisions because the government filed an information establishing several prior felony drug convictions.  As a repeat offender, Brown faced a mandatory term of life imprisonment on Count One, between ten years and life imprisonment on Count Six, and up to thirty years on Counts Four and Five.

Brown's presentence investigation report ("PSR") held him responsible for 283.9 grams of cocaine—substantially less than the jury's finding of 5 kilograms—and 224.78 grams of crack cocaine. That quantity would have triggered a base offense level of 34, but because the PSR also determined that he qualified as a career offender, see U.S.S.G. § 4B1.1, the base offense level was 37 and the resulting guideline range was 360 months to life.  But Count One's mandatory minimum dictated a "range" of life imprisonment under U.S.S.G. § 5G1.1.

In June 2007, the district court sentenced Brown to a mandatory term of life imprisonment on Count One, with concurrent terms of 360 months on Counts Four, Five, Six, and Eight, and a mandatory consecutive term of 60 months on Count Nine.  Brown appealed, arguing among other things that insufficient evidence supported Count One, and we affirmed his convictions.  See United States v. Brown, 587 F.3d 1082, 1090 (11th Cir. 2009).

In 2010, Congress reduced the statutory penalties for crack cocaine offenders going forward.  *See* Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat 2372.  As relevant here, a defendant now must traffic at least 280 grams of crack cocaine (formerly 50 grams) to trigger the highest penalties, *see* § 841(b)(1)(A)(iii), and 28 grams of crack cocaine (formerly 5 grams) to trigger the intermediate penalties, *see* § 841(b)(1)(B)(iii).  *See* Fair Sentencing Act § 2.  Any amount less than 28 grams of crack cocaine (formerly 5 grams) is punishable under § 841(b)(1)(C).

Then, in 2018, Congress made these reduced penalties retroactively available to defendants, like Brown, who were sentenced before the Fair Sentencing Act, so long as that Act modified the statutory penalties for the defendant's offense.  *See* First Step Act of 2018, § 404.  In other words, a defendant must have a "covered offense" as defined in the First Step Act to be eligible for a reduction.  *See id.*, § 404(a).  In a separate section, the First Step Act also made changes to § 841(b)'s enhanced recidivist penalties, *see id.*, § 401(a), but Congress specified that these amendments applied to only defendants who had not been sentenced by the enactment date of the First Step Act, December 21, 2018, *id.*, § 401(c).

In February 2019, on its own motion, the district court determined that Brown may be eligible for a sentence reduction under the First Step Act.  So it appointed counsel for Brown and directed the parties to brief the relevant issues.  The government filed a response asserting that Brown was eligible for a reduced sentence on Count Six only, but that a discretionary reduction was not

warranted because it would have no practical effect on his total sentence and he was not a worthy candidate based on the 18 U.S.C. § 3553(a) factors.  Brown replied that the First Step Act also reduced the penalties for Count One and that the district court was authorized to conduct a plenary resentencing at which Brown had the right to be present.

The district court agreed with the government and denied Brown a sentence reduction.  The court found that Counts One and Six were "covered offenses" under the First Step Act, while Counts Four and Five were not.  Nevertheless, the court reasoned that no reduction was authorized as to Count One because the amount of powder cocaine still called for a mandatory life sentence even if the Fair Sentencing Act applied at his original sentencing.  The court then decided not to reduce the sentence on Count Six, citing the serious nature of the offenses, his "significant" criminal history, and the fact that a reduction "would have no effect on the overall sentence."  Finally, the court determined that Brown had no right to a hearing in light of *United States v. Denson*, 963 F.3d 1080, 1086 (11th Cir. 2020).  Brown appeals.

## II.

We review *de novo* whether a district court had the authority to reduce a sentence under the First Step Act.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review for an abuse of discretion the denial of an eligible First Step Act movant's request for a sentence reduction.  *Id.*

6                    Opinion of the Court                20-14668

## A.

Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act, § 404(b).[1] The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a).

A First Step Act movant has a "covered offense" if "the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)." Jones, 962 F.3d at 1301. As noted above, those penalties were modified by § 2 of the Fair Sentencing Act. See id. at 1301–03. But an offense that triggers the penalties in § 841(b)(1)(C) is not a "covered offense." Terry v. United States, 593 U.S. __, __, 141 S. Ct. 1858, 1862–63 (2021).

Nevertheless, "a movant's satisfaction of the 'covered offense' requirement does not necessarily mean that a district court can reduce his sentence." Jones, 962 F.3d at 1303. Section 404(b) states that any reduction must be "as if sections 2 and 3 of the Fair

---

[1] Section 404(b) is "a self-contained and self-executing provision that independently grants district courts authority to impose 'reduced sentence[s],' such that a defendant can proceed under the Act directly, without resort to [18 U.S.C.] § 3582(c)(1)(B)." United States v. Edwards, 997 F.3d 1115, 1121 (11th Cir. 2021).

20-14668          Opinion of the Court          7

Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act, § 404(b).  This "as if" requirement, according to *Jones*, imposes two limits: (1) no reduction is permitted if the defendant "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act"; and (2) "the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Jones*, 962 F.3d at 1303.

Finally, even if a district court has authority to reduce a sentence, "it [is] not required to do so." *Id.* at 1304.  "District courts have wide latitude to determine whether and how to exercise their discretion in this context." *Id.* And "[i]n exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Id.*

### B.

The district court did not err in finding that a sentence reduction was authorized as to Count Six only.  Brown's argument that Counts Four and Five qualify as "covered offenses" is now foreclosed by the Supreme Court's decision in *Terry*, which held that an offense penalized by 21 U.S.C. § 841(b)(1)(C), like Counts Four and Five, is not a "covered offense." 141 S. Ct. at 1862–63.

As to Count One, which is a "covered offense," the district court correctly found that no reduction was authorized because Brown still would have been subject to a mandatory life term had the Fair Sentencing Act been in effect at his original sentencing. *See*

*Jones*, 962 F.3d at 1303.  The jury found Brown guilty of a drug trafficking conspiracy involving *both* more than fifty grams of crack cocaine *and* more than five kilograms of powder cocaine.  At that time, each quantity independently triggered the highest penalties for the respective drug, which was mandatory life imprisonment because of a recidivist enhancement.  *See* 21 U.S.C. § 841(b)(1)(A)(ii) and (iii) (2005).  So, while the Fair Sentencing Act reduced the statutory penalty for the amount of crack cocaine Brown trafficked—from life imprisonment to between five and forty years—it left the penalties for trafficking powder cocaine unchanged.  *See generally* Fair Sentencing Act, §§ 2 and 3.  Because the jury's cocaine-quantity finding "could have been used to determine the movant's statutory penalty at the time of sentencing," which was mandatory life imprisonment, his life sentence "would have necessarily remained the same had the Fair Sentencing Act been in effect."  *Jones*, 962 F.3d at 1303.  Based on the quantity of powder cocaine, a finding which is binding here, he could not have received a lesser sentence.  *See id.*  As a result, the court "lack[ed] the authority to reduce [Brown's] sentence."  *Id.*

Brown responds that the district court was authorized to consider the First Step Act's amendments to § 841(b)'s recidivist penalties—as relevant here, swapping "felony drug offense" for "serious drug felony" and reducing the minimum term from life to twenty-five years—when exercising its "broad discretion" to "impose" a reduced sentence for a "covered offense" under § 404(b).  But this argument is foreclosed by our precedent, as he appears to

acknowledge. Because Count One required a mandatory life sentence even if the Fair Sentencing Act applied, "[a]ny reduction the district court would grant would not be 'as if' the Fair Sentencing Act had been in effect," so no reduction was authorized. *Id.* at 1303; *see also id.* at 1304 (reapplying the recidivist penalty in finding that the First Step Act did not authorize a sentence reduction). Plus, we have held that "a sentence reduction based on the First Step Act is a limited remedy," not a plenary resentencing, and that courts are "not free . . . to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3." *Denson*, 963 F.3d at 1089. The Fair Sentencing Act could not have benefited Brown as to Count One, so the court did not err in denying a sentence reduction.

Nor did the district court abuse its discretion by declining to reduce Brown's sentence on Count Six. As the court observed, granting a reduction on Count Six would have no practical effect on Brown's overall sentence. No matter the court's decision as to that count, Brown is required to serve a life sentence for Count One, plus an additional five years for Count Nine. And in any case, the court reasonably concluded that a reduction was not warranted in light of the seriousness of the underlying conduct and Brown's lengthy criminal history. *See Jones*, 962 F.3d at 1304.

For these reasons, we affirm the denial of Brown's request for a sentence reduction under § 404 of the First Step Act.

AFFIRMED.