[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13835

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KARRIECE QUONTREL DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:08-cr-00005-MW-GRJ-1

_____

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Karriece Davis, proceeding pro se, appeals the district court's denial of his motion to reduce or terminate his supervised release under the First Step Act. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.[1] First, he argues that the Northern District of Florida did not have jurisdiction to hear his motions for relief under the First Step Act because his probation supervision was transferred to the Middle District of Georgia. Second, even if jurisdiction was proper in the Northern District of Florida, he argues that the district court erred by denying his claim for relief under the First Step Act and by not addressing the merits of his claim.

I.

Because we write for the parties, we assume familiarity with the facts and only set out those necessary to decide this appeal. As relevant to the resolution of this appeal, Davis was convicted by a jury of possessing with intent to defraud counterfeit currency, in violation of 18 U.S.C. § 472 (Count 1), and pleaded guilty to two counts of possessing with intent to distribute a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 5 and 6), and one count of possessing with intent to

---

[1] Davis also sought relief in the district court under 18 U.S.C. § 3583(e). He does not challenge the district court's denial of his § 3583(e) motion on appeal.

distribute 5 or more grams of a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 7).

Davis's presentence investigation report (PSI) applied the 2007 Guideline Manual to calculate Davis's base offense level for Count 1—the counterfeit offense—as 9 and his base offense level for Counts 5, 6, and 7—the drug offenses—as 26.  The probation officer determined that Davis was responsible for 9.9 grams of crack cocaine and 1,594.3 grams of powder cocaine, which resulted in a base offense level of 28.  However, the probation officer reduced Davis's offense level by two levels pursuant to Application Note 10(D)(i) to U.S.S.G. § 2D1.1(c) (2007) and arrived at a total offense level of 26.  The probation officer found that Davis had a criminal history category of VI, based on 40 criminal history points. His resulting guideline range was 120 to 150 months' imprisonment.  As for supervised release, the PSI noted that a term of three years was authorized on Count 1 pursuant to 18 U.S.C. § 3583(b), a term of at least six years was required on Counts 5 and 6 pursuant to 21 U.S.C. § 841(b)(1)(C), and a term of at least eight years was required on Count 7 pursuant to 21 U.S.C. § 841(b)(1)(B)(iii).  The PSI found that the guideline term of supervised release on Count 1 was two to three years, six years for Counts 5 and 6, and eight years for Count 7.  Davis objected, among other things, to being held accountable for the entire quantity of drugs stated in the PSI.

At sentencing, the district court overruled Davis's objections and found that the PSI was accurate.  The court sentenced Davis to 150 months' imprisonment on each of Counts 1, 5, 6, and 7, all to run concurrently, and eight years' supervised release.  Specifically,

4                    Opinion of the Court                 20-13835

Davis was sentenced to three years' supervised release on Count 1, six years' supervised release on Counts 5 and 6, and eight years' supervised release on Count 7, all to run concurrently. In July 2015, the court reduced Davis's prison sentence to 144 months under Amendment 782 to the Sentencing Guidelines.

Davis subsequently filed several motions—pursuant to both 18 U.S.C. § 3583(e) and the First Step Act—in the Northern District of Florida requesting early termination of his supervised release. Davis argued that his term of supervised release should be terminated in the interest of justice because he served over ten years in federal prison for non-violent crimes, is currently employed, and has maintained a law-abiding life since his release. The district court denied Davis's motions, finding that a termination of Davis's supervised release pursuant to § 3583(e) was not warranted or within the interest of justice. Davis then filed a motion for reconsideration, specifically requesting relief under the First Step Act. Davis noted that the district court denied his earlier requests without addressing his arguments under the First Step Act.

The district court granted Davis's motion for a ruling on his First Step Act arguments and ultimately denied his motion to terminate his supervised release, stating that it had already addressed the same issue in the denial of Davis's § 3583(e) motion. Davis timely appealed, challenging the district court's ruling denying his petition requesting relief under the First Step Act.

II.

On appeal, Davis argues that the Northern District of Florida did not have jurisdiction to entertain his petition for relief under

the First Step Act and for an early termination from his supervised release. Davis argues that his case was transferred to the Middle District of Georgia when the Bureau of Prisons and probation department of the Northern District of Florida transferred him to the Middle District of Georgia to serve his supervised release term. Davis asserts that he had to adhere to the terms and conditions of the Middle District of Georgia's probation department and that the Middle District of Georgia obtained jurisdiction.

We review issues of jurisdiction de novo. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). After a sentence is imposed, jurisdiction over an individual on supervised release may be transferred from the sentencing court to a different district court with the concurrence of that court. *See* 18 U.S.C. § 3605. The district court that receives the transferred releasee may exercise all powers over the releasee that the statutes governing imprisonment and probation permit. *Id.*

Here, the district court did not err by ruling on Davis's motions. There is nothing in the record to indicate that Davis's probation supervision was transferred from the sentencing court, the Northern District of Florida, to the Middle District of Georgia. As such, the district court, as the sentencing court, retained jurisdiction to rule on his motions. Because we affirm the district court's jurisdiction to rule on Davis's motions, we now turn to whether the district court erred by denying Davis relief under the First Step Act.

III.

We review de novo whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* A district court abuses its discretion when it "applies an incorrect legal standard." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015). We may affirm the district court's judgment on any basis supported by the record. *United States v. Gibbs*, 917 F.3d 1289, 1293 n.1 (11th Cir. 2019).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly permits district courts to reduce a previously-imposed term of imprisonment. *Jones*, 962 F.3d at 1297. The First Step Act is a self-contained and self-executing grant of authority that allows the district court to modify a criminal sentence, including a term of supervised release. *See United States v. Edwards*, 997 F.3d 1115, 1118–20 (11th Cir. 2021).

The Fair Sentencing Act of 2010 amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine offenses. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-20, 124 Stat. 2372. Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum

from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made to apply retroactively to defendants who were sentenced before the enactment of the Fair Sentencing Act. *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam). The Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years for cases involving quantities of crack that do not fall within § 841(b)(1)(A) or (B)—i.e., quantities below 28 grams. *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C). Additionally, § 841(b)(1)(C) calls for a term of 3 years' supervised release if the defendant does not have a prior felony drug conviction, and a term of at least 6 years' supervised release if the defendant does have a prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses provided under the Fair Sentencing Act. *See* First Step Act § 404. Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further provides that

"[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

In *Jones*, we held that a movant was convicted of a "covered offense" if he was convicted of an offense that triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Jones*, 962 F.3d at 1300–01. We noted that "district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment" to determine whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a covered offense. *Id.* The district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether the offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.* at 1301–02. Just because a movant satisfies the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in § 404(b) of the First Step Act states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.*; *see* First Step Act § 404(b).

If a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in other words, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered

his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act thus does not authorize the district court to reduce his sentence. *Jones*, 962 F.3d at 1303 ("That is, the First Step Act does not permit a reduction when the Fair Sentencing Act could not have benefitted the movant."). Although a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. *Id.* at 1304. A district court has wide latitude to determine whether and how to exercise its discretion, and it may consider the 18 U.S.C. § 3553(a) sentencing factors and a previous drug-quantity finding made for the purposes of relevant conduct. *Id.* at 1301, 1304.

The Supreme Court recently held that the Fair Sentencing Act modified the statutory penalties for only subparagraph (A) and (B) crack offenses and not subparagraph (C) offenses. *Terry v. United States*, 141 S. Ct. 1858, 1863–64 (2021). Accordingly, because the Fair Sentencing Act did not modify the penalties for § 841(b)(1)(C), it is not a covered offense, and a person convicted under § 841(b)(1)(C) is not eligible for a sentence reduction under the First Step Act. *Id.* at 1862–63.

Here, the district court never determined whether Davis was eligible for relief under the First Step Act. It improperly treated his motion as one filed under 18 U.S.C. § 3583(e) (early termination of supervised release) rather than under § 404(b) of the First Step Act. The district court thus abused its discretion by applying the incorrect legal standard. *Diveroli*, 803 F.3d at 1262.

For two reasons, it is clear that the district court's order analyzed Davis's motion under 18 U.S.C. § 3583(e). First, the court

stated that it had "already addressed the same issue" in its earlier ruling on Davis's counseled motion.  The earlier counseled motion sought relief under § 3583(e) alone, only citing to § 404 of the First Step Act as additional support for early termination under § 3583(e).  And the court treated the earlier motion as seeking relief under 18 U.S.C. § 3583(e) only—the order quotes § 3583(e), phrases its ruling in terms from that statute, and omits any reference to the criteria for relief under the First Step Act.

Second, the district court stated that its denial was "without prejudice to renew."  A defendant is only permitted to file one motion for relief under section 404(b) of the First Step Act, so the court's suggestion that Davis can refile his motion later further indicates that it considered his motion under 18 U.S.C. 3583(e), not under section 404(b).

Because the district court applied the incorrect statutory framework in considering Davis's First Step Act motion, we vacate and remand to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**