[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10219

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YOISEL ESPINOSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20823-UU-2

_____

Before JORDAN, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Yoisel Espinosa appeals his convictions for three counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). For the first time on appeal, Espinosa argues (1) that the underlying predicate offense, Hobbs Act robbery, does not constitute a crime of violence; (2) that the "failure of Counts 19, 21, and 23 [to which he pled guilty] to fall within the definition of a 'crime of violence' constitutes a jurisdictional defect in the conviction for those counts"; (3) that "[w]hen Mr. Espinosa pleaded guilty, he waived the right to challenge most defects in the proceedings against him[,] [b]ut a defendant can never waive a challenge to a jurisdictional defect"; (4) because Counts 19, 21, and 23 charged a non-existent criminal offense, the district court lacked jurisdiction to convict him; and (5) thus his § 924(c) convictions must be vacated.

After review, we conclude that based on our precedent: (1) Espinosa's claim—that Hobbs Act robbery does not constitute a crime of violence—does raise a jurisdictional-defect claim that was not waived, but (2) Espinosa's claim fails on the merits because Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause. Therefore, we affirm Espinosa's convictions and sentences.

## I.    BACKGROUND

### A. Indictment and Guilty Plea

An indictment charged Espinosa with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 5); eight counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 6, 10, 12, 14, 16, 18, 20, and 22); and eight counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 7, 11, 13, 15, 17, 19, 21, and 23).  Each § 924(c) count was predicated on the Hobbs Act robbery count immediately preceding it.

In his written plea agreement, Espinosa pled guilty to Counts 19, 21, and 23, which alleged that Espinosa brandished a firearm in furtherance of a crime of violence—namely, the Hobbs Act robberies charged in Counts 18, 20, and 22, respectively.  In exchange, the government agreed to dismiss Counts 5–7, 10–18, 20, and 22 of the indictment.  Pursuant to the written plea agreement, Espinosa also waived his right to appeal his sentence, unless it exceeded the statutory maximum or was the result of an upward departure or variance from the advisory sentencing guidelines range set by the district court at sentencing.

### B. Factual Proffer Admits § 924(c) Conduct and Three Hobbs Act Robberies

As part of his plea agreement, Espinosa agreed that, if the case were to proceed to trial, the government could prove the following facts beyond a reasonable doubt.

As part of a conspiracy to commit robbery, Espinosa and his co-conspirators, Luis El Mateo and Christian Gongora Estopinan, committed several robberies in the Southern District of Florida. On November 10, 2019, the three men drove to a Kwik Stop in Fort Lauderdale, Florida. As Espinosa and Mateo waited in the car, Gongora entered the store wielding a semi-automatic pistol and demanded the cashier open the cash register. Gongora pistol whipped the cashier twice before the cashier complied, and Gongora then took $300 and fled the store. Gongora re-entered the car and Espinosa—the getaway driver—drove off. This is the Hobbs Act robbery charged in Count 18 that is the predicate offense for Count 19.

Later that night, with Espinosa again serving as getaway driver, Mateo entered another Kwik Stop in Pompano, Florida. Armed with a semi-automatic pistol, Mateo brandished the weapon in front of two store employees and commanded the employees to open the cash registers. The employees complied, and Mateo stole $600 before returning to the vehicle. This is the Hobbs Act robbery charged in Count 20 that is the predicate offense for Count 21.

On November 16, 2019, the three men drove to a Rite Way Foods in Miami, Florida, and Mateo and Gongora entered the store. While Gongora posed as a lookout, Mateo pointed his firearm at the cashier. Mateo stole approximately $300 from two cash registers, and the two fled the store. Espinosa was again the

getaway driver.  This is the Hobbs Act robbery charged in Count 22 that is the predicate offense for Count 23.

### C.  District Court Accepts Guilty Plea

The district court accepted Espinosa's guilty plea and adjudged him guilty of Counts 19, 21, and 23.  Neither in his plea agreement nor during his plea hearing did Espinosa claim that (1) Hobbs Act robbery was not a valid predicate for his three § 924(c) offenses, or (2) the three counts of the indictment to which he pled guilty charged non-existent offenses and were invalid on their face.

### D.  Sentencing

The district court sentenced Espinosa to 84 months of imprisonment as to each § 924(c) count, with all sentences running consecutively for a total term of 252 months of imprisonment.  The district court also imposed five years of supervised release for each § 924(c) count, to run concurrently, and ordered Espinosa to pay $20,670.52 in restitution, jointly and severally with his co-defendants.  The district court then granted the government's motion to dismiss the remaining fourteen counts in the indictment.

Espinosa timely appealed.

## II.    DISCUSSION

On appeal, Espinosa argues that (1) the underlying predicate—Hobbs Act robbery—for each of his § 924(c) convictions in Counts 19, 21, and 23 does not constitute a crime of violence;

(2) the failure of those three counts to state an offense is a jurisdictional defect, not waived by his guilty plea; and (3) thus the district court lacked jurisdiction to convict him of a non-existent offense.[1] The government does not respond directly to Espinosa's jurisdictional claim. Rather, the government argues, "Even assuming that Espinosa raises a jurisdictional claim that he did not waive by pleading guilty, his claim nevertheless fails on the merits." Because Espinosa's claim challenges the district court's jurisdiction over his case, we address it first. We then turn to the merits of his claim.

### A. Jurisdictional Defect

As Espinosa acknowledges, a defendant's guilty plea waives most defects in an indictment. *United States v. Brown*, 752 F.3d 1344, 1348 (11th Cir. 2014) (collecting cases). In *Brown*, this Court distinguished "between mere indictment omissions, which are non jurisdictional defects, and the affirmative allegation of specific conduct that is not proscribed by the charging statute, which is a jurisdictional defect." *Id.* at 1352 (quotation marks omitted). If the indictment fails "to allege an element of the charged offense," i.e. an indictment omission, there is no jurisdictional defect. *Id.* The *Brown* Court held that an indictment that "omitted the mens rea element" did not contain a jurisdictional defect because that

---

[1] We review *de novo* whether an offense is a crime of violence under 18 U.S.C. § 924(c). *United States v. Bates*, 960 F.3d 1278, 1285 (11th Cir. 2020). Whether the district court had jurisdiction to convict a defendant is a question of law, which we also review *de novo*. *United States v. Edwards*, 997 F.3d 1115, 1117 n.1 (11th Cir. 2021).

21-10219                Opinion of the Court                    7

element was "merely an allegation requisite to liability." *Id.* (quotation marks omitted).

On the other hand, *Brown* instructs that if "the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute," then there is a jurisdictional defect. *Id.* That type of indictment defect is jurisdictional because "the indictment fails to invoke the district court's statutory authority under 18 U.S.C. § 3231 over offenses against the laws of the United States." *Id.* at 1353; *see United States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002) ("[A] district court is without jurisdiction to accept a guilty plea to a 'non-offense.'").

Subsequently, in *United States v. St. Hubert*, we held that an indictment alleging a § 924(c) charge based on a predicate offense that is not a crime of violence contains a jurisdictional defect because it alleges a specific course of conduct that is outside the reach of the statute of conviction. *United States v. St. Hubert*, 909 F.3d 335, 343–44 (11th Cir. 2018), *abrogated on other grounds by United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019).

Accordingly, based on our precedent, we agree with Espinosa that his above claim alleges a jurisdictional defect and was not waived by his guilty plea.[2] *See id.* We now proceed to whether

---

[2] Under our prior-precedent rule, a panel is bound to follow its own prior, binding precedent unless and until it is overruled by this Court sitting *en banc*

8                    Opinion of the Court                    21-10219

Hobbs Act robbery constitutes a crime of violence and falls within the § 924(c) statute.

### B. Merits of Espinosa's Claim

Under § 924(c), it is a crime to brandish a firearm in further-ance of "any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A)(ii). For § 924(c) purposes, a predicate offense quali-fies as a crime of violence if it is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). Subsection (A) is referred to as the "elements clause." *See St. Hubert*, 909 F.3d at 337, 344–45.

Twice this Court has held that a conviction for Hobbs Act robbery "clearly qualifies as a crime of violence" under the ele-ments clause. *In re Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016); *St. Hubert*, 909 F.3d at 345–46. Eight other circuits have also held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. *See United States v. Richardson*, 948 F.3d 733, 741 (6th Cir.), *cert. denied*, 141 S. Ct. 344 (2020); *United States v. Barrett*, 937 F.3d 126, 128–29 (2d Cir. 2019); *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Bowens*, 907 F.3d 347, 353–54 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019); *United States v. García-Ortiz*, 904 F.3d 102, 106–09 (1st Cir.

---

or by the Supreme Court. *United States v. Bowers*, 811 F.3d 412, 430 (11th Cir. 2016).

2018), *cert. denied*, 139 S. Ct. 1208 (2019); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–66 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir.), *cert. denied*, 137 S. Ct. 2228 (2017).  Thus, Counts 19, 21, and 23, to which Espinosa pled guilty, contain no jurisdictional defect.

Based on our precedent, we affirm Espinosa's § 924(c) convictions and sentences on Counts 19, 21, and 23.

**AFFIRMED.**