[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11127

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALONZO HOUSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:04-cr-00179-RDP-SGC-1

_____

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Alonzo Houston appeals the district court's order dismissing for lack of jurisdiction his Federal Rule of Criminal Procedure 52(b) motion to correct plain error, which challenged his sentence. The government moves for summary affirmance. Because the district court was clearly right as a matter of law that it lacked jurisdiction over Houston's motion, we grant the government's motion for summary affirmance and affirm the district court's order.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2004, a jury convicted Houston of bank robbery and brandishing a weapon during a crime of violence. The district court sentenced Houston to 384 months' imprisonment.

Houston moved to vacate the sentence under 28 U.S.C. section 2255, and the district court denied that motion on the merits. Houston later filed another section 2255 motion, and the district court dismissed it without prejudice because it was an unauthorized successive motion. Houston tried again, filing a rule 36 motion to correct sentencing errors that raised many of the same substantive arguments as his section 2255 motions, and the district court denied it too.

Amid filing his section 2255 motions in the district court, Houston also filed six different applications with us for leave to file a second or successive section 2255 motion. We denied them all.

In 2022, Houston filed yet another motion challenging his sentence—this time styled as a rule 52(b) motion to correct plain error. The district court dismissed the motion for lack of jurisdiction. It did so because rule 52(b) did not provide the district court with subject-matter jurisdiction to modify his sentence and the motion was really an unauthorized successive collateral attack on his sentence under section 2255. Houston appealed.

## STANDARD OF REVIEW

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review de novo whether the district court had subject-matter jurisdiction. *United States v. Grimon*, 923 F.3d 1302, 1305 (11th Cir. 2019). We also review de novo whether a section 2255 petition is successive. *United States v. Armstrong*, 986 F.3d 1345, 1348 (11th Cir. 2021) (citing *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011)).

## DISCUSSION

The district court was clearly right as a matter of law in dismissing Houston's rule 52(b) motion for lack of jurisdiction because federal courts have limited jurisdiction, and we have repeatedly explained that district courts lack "inherent authority" to modify a criminal sentence. *United States v. Edwards*, 997 F.3d 1115, 1118 (11th Cir. 2021) ("[D]istrict courts lack the inherent authority to

modify criminal sentences . . . ."); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002) (holding that "the district court acted outside the boundaries of its jurisdiction when it resentenced" the defendant pursuant to "inherent authority"). Instead, a district court must be "authorized by a statute or rule" to modify a sentence. *Edwards*, 997 F.3d at 1118 (quoting *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015)).

Rule 52(b) did not authorize the district court to hear the challenge to Houston's sentence. Rule 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). The rule "grants the courts of appeals the latitude to correct particularly egregious errors on appeal." *United States v. Frady*, 456 U.S. 152, 163 (1982). *United States v. Olano*—upon which Houston relies when arguing the merits of his rule 52(b) motion—explains that the rule "governs on appeal from criminal proceedings" and "provides a court of appeals a limited power to correct errors that were forfeited because [they were] not timely raised in [the] district court." 507 U.S. 725, 731 (1993). "Because it was intended for use on direct appeal . . . the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after . . . the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." *Frady*, 456 U.S. at 164. In short, while the rule governs appellate review on direct appeal, it does not grant independent authority for the district court to hear a collateral motion attacking Houston's sentence after the direct appeal.

23-11127                Opinion of the Court                5

Although rule 52(b) did not authorize the district court to modify Houston's sentence, we have long recognized that we "have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (citing *Andrews v. United States*, 373 U.S. 334 (1963)). Houston's motion seeks to collaterally challenge his sentence, so it effectively qualifies as a successive petition under section 2255 because "Congress enacted [section] 2255 with the intention that the statute would serve as the primary method of collateral attack on a federally imposed sentence." *Id*. at 629 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Lane v. Hanberry*, 601 F.2d 805, 806 (5th Cir. 1979)).

But section 2255 doesn't save Houston. A federal prisoner who wishes to file a second or successive motion to correct his sentence is required to move the court of appeals for an order authorizing the district court to consider the second or successive motion. *See* 28 U.S.C. § 2255(h); *id*. § 2244(b)(3). This successive petition bar deprives the district court of subject-matter jurisdiction unless we authorize it to hear the successive motion. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016) (collecting cases).

The successive petition bar prevented the district court from having jurisdiction over Houston's successive motion. Houston had already filed a section 2255 petition, which the district court denied. At that point, the successive petition bar kicked in. Because the successive petition bar prevented him from successfully

filing additional successive motions, Houston repeatedly submitted applications to this Court requesting permission to file new successive petitions, and we denied them.  We never gave Houston permission to file this motion as a second or successive petition. The district court was therefore correct in dismissing the motion. *Cf. Diaz-Clark*, 292 F.3d at 1317 (explaining that a district court's modification of a sentence without jurisdiction is a "legal nullity").

## CONCLUSION

In short, the government is clearly right as a matter of law that the district court lacked jurisdiction over Houston's rule 52(b) motion.  We therefore grant the government's motion for summary affirmance, and affirm the district court's order.

**MOTION FOR SUMMARY AFFIRMANCE GRANTED; AFFIRMED.**