[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11144

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLES BAKER, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:98-cr-00044-TFM-2

_____

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Baker, III, proceeding *pro se*, appeals the district court's denial of his "Motion to Modify a Term of Imprisonment, Pursuant to 18 U.S.C. § 3582(c)(1)(B)." The court treated his motion as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive Sentencing Guidelines Amendments and denied because it found Baker was ineligible for a sentence reduction under Amendment 821. Baker argues that the district court erred by construing his motion solely as a request for a sentence reduction under § 3582(c)(2), and failing to also consider his request for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act").

We review a district court's decision not to reduce a defendant's sentence under § 3582(c)(2) for abuse of discretion. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). We also review a district court's decision not to modify a sentence under Section 404 of the First Step Act for abuse of discretion. *United States v. Gonzalez*, 71 F.4th 881, 885 (11th Cir. 2023). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, makes clearly erroneous findings of fact, or otherwise commits a clear error of judgment. *United States v. Harris*, 989 F.3d 908, 911-12 (11th Cir. 2021) (reviewing the denial of a

defendant's motion for compassionate release under § 3582(c)(1)(A)).

Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Further, "[f]ederal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (reviewing whether a district court correctly treated a "motion to correct illegal sentence" under Fed. R. Crim. P. 35 as a 28 U.S.C. § 2255 motion).

A defendant's sentence is generally final. 18 U.S.C. § 3582(b). However, § 3582(c)(2) grants courts the authority to modify a defendant's term of imprisonment if he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2); U.S.S.G. § 1B1.10(a). If a defendant is eligible for a sentence reduction under § 3582(c)(2), a court must consider the 18 U.S.C. § 3553(a) factors to determine whether such a reduction is warranted. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b); *Dillon v. United States*, 560 U.S. 817, 827 (2010); *see* 18 U.S.C. § 3553(a).

Section 2(a) of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"), amended 21 U.S.C. § 841(b)(1) to reduce sentencing disparities between defendants

convicted of offenses involving powder cocaine and crack cocaine. Fair Sentencing Act § 2(a); *see* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii); *Kimbrough v. United States*, 552 U.S. 85, 94-100 (2007) (describing the disparity before the Fair Sentencing Act's passage). However, those amendments did not apply retroactively. *United States v. Berry*, 701 F.3d 374, 377-78 (11th Cir. 2012).

Section 404 of the First Step Act allows a court to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act § 404(b). "It is its own procedural vehicle." *United States v. Edwards*, 997 F.3d 1115, 1119 (11th Cir. 2021). "[T]he First Step Act is a self-contained and self-executing provision that independently grants district courts authority to impose reduced sentences, such that a defendant can proceed under the Act directly, without resort to § 3582(c)(1)(B)." *Id.* at 1121 (quotation marks omitted, alterations accepted).

In *Concepcion v. United States*, the Supreme Court considered a district court's denial of a motion for a sentence reduction under Section 404 of the First Step Act and held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 597 U.S. 481, 500 (2022). Specifically, the Court noted that the First Step Act does not prohibit a district court from considering unrelated Guidelines changes and that district courts have regularly considered nonretroactive Guidelines amendments to help inform whether to reduce sentences and, if so, by how

much. *Id.* at 496-99. The Court also held that "when deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments." *Id.* at 500-01.

In *Gonzalez*, we held that "a sentence imposed upon revocation of supervised release is eligible for a sentence reduction under § 404(b) of the First Step Act when the underlying crime is a covered offense within the meaning of the Act." 71 F.4th at 884-85.

Here, the district court abused its discretion by construing Baker's motion solely as requesting a sentence reduction under § 3582(c)(2) instead of also a request for a sentence reduction under Section 404 of the First Step Act. In his motion, Baker described the Fair Sentencing Act, which was made retroactively applicable by Section 404 of the First Step Act. He also expressly stated that he was seeking a sentence reduction pursuant to the First Step Act, and distinguished his request or relief under the First Step Act from a § 3582(c)(2) motion and asked the court to consider the § 3553(a) factors. He also asked the court to consider several Guidelines amendments that he claimed applied to him, and that two of his prior convictions had been expunged since he was sentenced. *See Concepcion*, 597 U.S. at 500. We vacate the district court's order denying Baker's motion and remand for the district court to consider his request for a sentence reduction under Section 404 of the First Step Act in the first instance.

6                    Opinion of the Court                    24-11144

**VACATED AND REMANDED.**[1]

---

[1] We express no opinion on the merits of Baker's request for a sentence reduction under the First Step Act.