[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12062

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID ANTOINE LUSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:03-cr-00052-TES-CHW-2

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

David Luster, a *pro se* federal prisoner, appeals the denial of a motion for a sentence reduction based on a retroactive guideline amendment under 18 U.S.C. § 3582(c)(2), and a motion for a sentence reduction based on extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i).  After careful review, we affirm the denial of his motions.

## I.

In 2004, Luster pled guilty to eight counts of bank robbery, *see* 18 U.S.C. § 2113, and two counts of brandishing a firearm during a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A).  Between 2002 and 2003, Luster and an accomplice engaged in eight, armed bank robberies resulting in losses totaling more than $600,000.

When Luster was sentenced, § 924(c)(1)(C) required district courts to impose a 25-year mandatory minimum consecutive sentence for any "second or subsequent conviction under [§ 924(c)]." 18 U.S.C. § 924(c)(1)(C) (2002).  And "[t]he Supreme Court had interpreted the 25-year mandatory minimum as applying to second (and third, and fourth, and so on) § 924(c) convictions within a single prosecution." *United States v. Smith*, 967 F.3d 1196, 1210 (11th Cir. 2020) (citing *Deal v. United States*, 508 U.S. 129, 131–32 (1993)).  As a result, the district court imposed the minimum 25-year consecutive sentence for the second § 924(c) conviction.  The court also ordered more than $600,000 in restitution. We affirmed

Luster's conviction and sentence on direct appeal. *United States v. Luster*, 129 F. App'x 599 (11th Cir. 2005) (unpublished table decision).

In 2018, § 403 of the First Step Act amended § 924(c)(1)(C) so that the 25-year mandatory minimum did not apply to multiple § 924(c) convictions resulting from a single prosecution. *See* First Step Act of 2018 § 403(a), Pub. L. No. 115-391, 132 Stat. 5194, 5221–22; *see also Smith*, 967 F.3d at 1210. Rather, the 25-year minimum applies only when a defendant violates § 924(c) "after a prior conviction under this subsection has become final." *See* 18 U.S.C. § 924(c)(1)(C)(i). But Congress did not make the amendment to the stacking provision retroactive. *See* First Step Act, § 403(b); *see also Smith*, 967 F.3d at 1210–13 (holding that § 403 does not apply retroactively).

In April 2022, Luster filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 599 to U.S.S.G. § 2K2.4. He contended that, because he had been sentenced both for carrying a firearm during a crime of violence under § 924(c) and for the underlying crime of violence, the sentencing court impermissibly double counted conduct by applying sentencing enhancements for brandishing a firearm during the robberies.

Then, in May 2022, Luster filed a "Motion for Reduction in Sentence Under § 3582(c)(1)(A)(i)." He argued that he had shown extraordinary and compelling reasons warranting a sentence reduction because, were he sentenced when he filed the motion, he would have been subject to a significantly reduced sentence in light

of § 403 of the First Step Act.  He also contended that restitution would not have been authorized after the Supreme Court's decisions in *Sessions v. Dimaya*, 584 U.S. __, 138 S. Ct. 1204 (2018), and *Borden v. United States*, 593 U.S. __, 141 S. Ct. 1817 (2021).

The district court entered an order expressly denying the April 2022 motion under § 3582(c)(2).  The court explained that Amendment 599 was in effect at the time of sentencing and so did not authorize a retroactive sentence reduction under § 3582(c)(2). The text of the order made no mention of the May 2022 motion for compassionate release.  Nonetheless, the relevant docket entry describes the court's order as denying both motions.  Luster timely appealed.

## II.

We review *de novo* a determination of eligibility for a § 3582(c) sentence reduction.  *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021); *see United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).  We review the denial of an eligible prisoner's § 3582(c)(1)(A) motion for an abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  We may affirm for any reason supported by the record.  *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

## III.

District courts lack the inherent authority to modify criminal sentences but may do so when authorized by a statute or rule. *United States v. Edwards*, 997 F.3d 1115, 1118 (11th Cir. 2021).  Luster

relies on two statutory provisions that permit sentence reductions in certain limited circumstances.

First, under § 3582(c)(2), the district court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(2)(B). Second, under § 3582(c)(1), courts may reduce the sentences of defendants when warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *see* U.S.S.G. § 1B1.13. But neither provision authorizes a sentence reduction on the facts of this case.

Section 3582(c)(2) does not apply because Luster was not sentenced based on a sentencing range that was "*subsequently . . . lowered by the Sentencing Commission.*" 18 U.S.C. § 3582(c)(2) (emphasis added). Amendment 599 was in effect as of November 2000, well before Luster's sentencing in April 2004. *United States v. Pringle*, 350 F.3d 1172, 1176 (11th Cir. 2003). Even assuming the sentencing court erred in applying the amended guideline at sentencing, § 3582(c)(2) "does not authorize a resentencing" to correct mistakes in an original sentence. *Dillon v. United States*, 560 U.S. 817, 831 (2010); *see also United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

Likewise, Luster failed to show that a reduction was authorized under § 3582(c)(1)(A)(i). Before granting a reduction under this provision, the district court must find that (1) an extraordinary and compelling reason exists under U.S.S.G. § 1B1.13's policy statement, (2) the reduction is supported by the § 3553(a) factors, and

(3) granting a reduction would not endanger others. *United States v. Giron*, 15 F.4th 1343, 1345–46 (11th Cir. 2021); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Tinker*, 14 F.4th at 1238.

When the district court ruled on Luster's motion in May 2022, the commentary to § 1B1.13 outlined medical, age, and family circumstances which qualified as sufficiently "extraordinary and compelling." *See* U.S.S.G. § 1B1.13, cmt. n.1(A)–(C) (Nov. 2021). While the commentary also authorized relief for "other reasons," *id.* § cmt. n.1(D), we held in *Bryant* that such other reasons must be determined by the Bureau of Prisons, not by the courts. *See Bryant*, 996 F.3d at 1262–65. So a district court could not grant a reduction for reasons other than those listed in § 1B1.13. *Id.*

In *Bryant*, for example, the defendant, like Luster, argued that he presented extraordinary and compelling reasons for relief because "he would not be subject to a 25-year mandatory minimum if he were sentenced today." 996 F.3d at 1250–51. We rejected this ground as not consistent with § 1B1.13, explaining that it was not a medical, age, or family circumstance outlined in the commentary, and that the Bureau of Prisons had not determined it was an "other reason[]" warranting relief. *See id.* at 1262–65; *see* U.S.S.G. § 1B1.13, cmt. n.(A)–(D).

*Bryant* was based on the same version of § 1B1.13 that was in effect when the district court denied Luster's motion. So as in *Bryant*, Luster's § 3582(c)(1)(A)(i) motion, based on the First Step

Act's amendments to § 924(c) "stacking" provision and another change in the law, not on any medical, age, or family circumstance outlined in the commentary, did not present an extraordinary and compelling reason under § 1B1.13. *See id.*

Notably, in November 2023, while this appeal was pending, an amended version of § 1B1.13 became effective which expressly added new grounds for relief under 18 U.S.C. § 3582(c)(1)(A)(i) in response to the First Step Act. *See* U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited December 21, 2023). In particular, the amendments added a new category in the guideline text for "Unusually Long Sentence[s]," which may qualify as extraordinary and compelling where, among other things, "a change in the law . . . would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6) (Nov. 2023).

But that substantive change, which altered the text of the guideline to create a new ground for relief, does not apply retroactively in this appeal. *See United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011) (explaining that only "clarifying" amendments are given retroactive effect on appeal; "substantive" amendments are "not applied retroactively"); *United States v. Summers*, 176 F.3d 1328, 1331 (11th Cir. 1999) ("[A]lteration of actual Guideline language strongly suggests that a substantive change was being made."). Accordingly, we do not consider whether Luster can

establish an extraordinary and compelling reason under the new § 1B1.13(b)(6). We note that nothing in § 3582(c)(1)(A) prevents Luster from filing a new motion for a sentence reduction based on the new version of § 1B1.13.

Finally, Luster maintains that the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors. *See, e.g.*, *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021) (courts must "consider all applicable § 3553(a) factors" when resolving § 3582(c)(1)(A)(i) motions). But even assuming the court erred in that regard, the error was harmless because Luster's failure to demonstrate an extraordinary and compelling reason under § 1B1.13 (Nov. 2021) was alone sufficient to "foreclose a sentence reduction." *Tinker*, 14 F.4th at 1237–38.

For these reasons, the district court properly denied Luster's April 2022 motion for a reduction under § 3582(c)(2) and his May 2022 motion for compassionate release under § 3582(c)(1)(A)(i).[1] We affirm.

**AFFIRMED.**

---

[1] To be specific, we affirm the denial of the motions reflected at docket entries 259 and 261 on the district court's docket. We note that Luster has filed an array of other unsuccessful motions for a sentence reduction.